UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS, CDCR #AG-2394,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER O. NAVARRO; et al.,<br><br>Defendants. | Case No.: 3:18-cv-01318-DMS-RBM<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE RE: PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND/OR INJUNCTIVE RELIEF**<br><br>[Doc. 20] |

## I. INTRODUCTION

Lance Williams ("Plaintiff"), a prisoner incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, is proceeding *pro se* and *in forma pauperis* on a civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983"). (*See generally* Docs. 1, 17.) On May 17, 2019, the Clerk of Court issued a summons as to Plaintiff's Complaint and forwarded the same to Plaintiff, along with instructions to complete a U.S. Marshals Service Form 285, to effectuate service of the summons and Complaint on each Defendant. (Doc. 17 at 8.) To date, there is no docket entry to reflect

1

service of summons and the Complaint upon any Defendant and no Defendant has made a formal appearance in this action.

Plaintiff filed the instant "Notice/Motion for Protective Order and or Injunctive Relief upon Defendant C. Tiscornia" ("Motion") which is accepted *nunc pro tunc* to June 14, 2019.[1] (Docs. 19-20.)

The matter is referred to the undersigned Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 72.1(c)(1)(a). After a thorough review of the Motion and supporting documents, this Court respectfully recommends Plaintiff's Motion be **DENIED**, without prejudice. (Doc. 20.)

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

A. Underlying Complaint

Plaintiff's Complaint names twelve defendants and asserts three Section 1983 causes of action for First and Eighth Amendment violations.[2]

Count One claims Defendants Navarro, Bagnol, Garsilaso and Estrada violated Plaintiff's Eighth Amendment rights by engaging in conduct deliberately indifferent to Plaintiff's medical needs. (*See* Doc. 1 at 5-7.) Liberally construing Count One, Plaintiff also asserts a First Amendment claim against Navarro for retaliation. (*Id.* at 7.) Counts Two and Three assert, in part, First Amendment violations for denial of access to courts, including Plaintiff being deprived the opportunity to contact his attorney regarding active criminal and civil cases and also being deprived access to the law library. (*See* Doc. 1 at

---

[1] Plaintiff failed to file a memorandum of points and authorities in support of his Motion and failed to state the time and date of hearing on the Motion in compliance with Local Civil Rules, however, the Court accepted the Motion despite such discrepancies. CivLR Rules 5.1(j); 7.1(b),(f). Plaintiff is admonished to comply with Local Civil Rules for all future filings.

[2] Named defendants include: Correction Officers O. Navarro ("Navarro"), Garsilaso ("Garsilaso"), C. Bagnol ("Bagnol"), E. Estrada ("Estrada"); A-yard [Building] # 2 Staff; [Sergeant] Corrections Officer F. Lewis ("Lewis"); Correctional Counselor [One] Hall ("Hall"); Litigation [Department] of RJD ("Litigation Department"); Senior Psychologist of EOP R. Katyall; Clinician Case Manager S. Knittman; RJD EOP Scheduling Dept.; and Law Library Clerk C. Tiscornia ("Tiscornia") (collectively "Defendants").

2

3:18-cv-01318-DMS-RBM

8-11; Doc. 20 at Ex. A, 5.) Plaintiff claims A-yard Building Staff's refusal to allow Plaintiff to contact his attorney caused Plaintiff to "miss a court deadline" but he apparently received an extension on such deadline. (Doc. 1 at 8.) Plaintiff also claims Tiscornia, the law library clerk, only issues law library passes during Plaintiff's scheduled yard time. (*Id.* at 11.) Count Three asserts Eighth Amendment violations for being denied adequate out-of-cell time. (Doc. 1 at 9-10.)

The Complaint seeks injunctive relief "preventing [D]efendants from retaliating on [P]laintiff" and engaging in conduct as described in the Complaint, in addition to compensatory and punitive damages. (Doc. 1 at 13.)

B. <u>Instant Motion</u>

On June 7, 2019, Plaintiff allegedly filled out a photocopy slip at the law library requesting a copy job for his active criminal case in Los Angeles County Superior Court. (*See* Doc. 20, Ex. A, 5.) After Plaintiff requested a copy job, he claims Tiscornia "began reading the material violating [P]laintiff's confidentiality" and refused to make copies. (Doc. 20, 1.) Plaintiff claims "ever since . . . Tiscornia has been served with this case['s] Summons & Complaint[3] she has been negative, retalliating [sic] refusing to provide services, minimizing [P]laintiff's law library access . . ." (*Id.* at 1.) Plaintiff alleges Tiscornia's conduct is continuing and he requests the Court take judicial notice of his administrative grievance on the same. (*Id.* at 3; Ex. E, 31-33.)

Plaintiff seeks a "protective order" and requests various forms of injunctive relief relating to Tiscornia's conduct. (Doc. 20 at 2.) Specifically, Plaintiff requests an order requiring: Tiscornia's removal and replacement from A-yard law library "before she falsifies a [Rules Violation Report] against [P]laintiff which she has a history of doing to inmates"; Tiscornia to "stop reading, asking where it's going 'legal copies' and she do her job of making sure copies are not inappropriate material"; Tiscornia to issue law

---

[3] As outlined *infra* p. 6, there is no docket entry to confirm service of summons and the Complaint has been effectuated on any Defendant. To date, no Defendant has made a formal appearance in the action.

3

library passes to Plaintiff "everyday [sic] it's open for both [AM] and [PM] hours" and to comply with all of Plaintiff's copy requests; Tiscornia to provide unlimited supplies of paper, envelopes, exhibit sheets and immediately restore typewriter access to the law library; and Tiscornia to recognize Plaintiff's "priority legal user" status to the law library. (*Id.* at 2-3.)

Finally, Plaintiff requests the Court take judicial notice of a grievance appeal response relating to Plaintiff's request for library access and photocopying. (Doc. 20, Ex. E, 31-33.

### III. DISCOVERY MOTION

Although Plaintiff's Motion is styled as a "Motion for Protective Order," there is no indication Plaintiff seeks protection from "annoyance, embarrassment, oppression, or undue burden or expense" relating to discovery. Fed. R. Civ. P. 26(c)(1); *U.S. v. Columbia Broad. Sys., Inc.*, 666 F.2d 364, 368-369 (9th Cir. 1982) (stating the purpose of a protective order is to safeguard parties and other persons from the broad scope of discovery available in litigation), *superseded in part by Rule*, *U.S. v. McGraw-Hill Cos., Inc.*, 302 F.R.D. 532 (C.D. Cal. 2014). To the extent Plaintiff's Motion seeks a protective order, the Motion is denied as unwarranted, premature and lacking good cause.

Plaintiff's Motion alternatively requests various forms of injunctive relief, therefore, the Court analyzes Plaintiff's alternate request for relief.

### IV. REQUEST FOR INJUNCTIVE RELIEF

Liberally construing Plaintiff's Motion, it appears Plaintiff seeks preliminary injunctive relief as he requests various forms of prospective relief without any durational limit. *See Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) (courts liberally construe *pro se* litigants' filings, relieving them from "strict application of procedural rules and demands . . ."); *compare U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1094 ("the very purpose of a preliminary injunction . . . is to preserve the status quo and the rights of the parties until a final judgment issues in the cause.") (citation omitted) *with* Fed.

R. Civ. P. 65(b) (temporary restraining order expires after fourteen days of entry of order unless good cause warrants extension).

### A. Standard for Preliminary Injunctive Relief

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (internal citation omitted). Indeed, it may only be awarded upon a "clear showing that the plaintiff is entitled to such relief." *Id.* at 22 (citation omitted). Prior to issuing a preliminary injunction, the adverse party must be provided with notice and an opportunity to be heard. Fed. R. Civ. P. 65(a)(1); *Armstrong v. Brown*, 768 F.3d 975, 979-980 (9th Cir. 2014) ("[b]efore issuing injunctive relief, the court must provide the affected party with notice and an opportunity to be heard.") (citing *Penthouse Int'l, Ltd. v. Barnes*, 792 F.2d 943, 950 (9th Cir. 1986)).

A threshold requirement for preliminary injunctive relief is "a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint...." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). A sufficient nexus between the injury claimed in the motion and complaint exists when the "preliminary injunction would grant relief of the same character as that which may be granted finally." *Id.* (citing *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1989)). Notably, there is no basis to grant an injunction when the injunction "deals with a matter lying wholly outside the issues in the suit." *De Beers*, 325 U.S. at 220.

As to the merits of a motion for preliminary injunctive relief, the party seeking relief must demonstrate four factors: "[plaintiff] is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20; *see also Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter*, *supra*).

///

///

///

B. Notice and an Opportunity to be Heard

As stated above, no Defendant has formally appeared in the action and there is no docket entry reflecting service of summons and the Complaint on any Defendant.[4] Pursuant to the Federal Rules of Civil Procedure and *Armstrong*, the Court cannot order preliminary injunctive relief until Defendants are provided with notice and an opportunity to be heard on the same. Fed. R. Civ. P. 65(a)(1); *Armstrong*, 768 F.3d at 979-980. Plaintiff failed to demonstrate the existence of emergency circumstances to warrant issuance of an injunction without notice and hearing. Based upon the foregoing, Plaintiff's Motion seeking issuance of a preliminary injunction is denied as premature.

Notwithstanding Defendants' lack of notice and hearing on Plaintiff's request for preliminary injunctive relief, Plaintiff did not carry his burden of persuasion for the issuance of a preliminary injunction. *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (it is movant's burden of persuasion to make a clear showing of entitlement to preliminary injunctive relief) (citation omitted).

C. Factors to Consider for Issuing Injunctive Relief

The character of relief requested in the Motion, i.e., increased law library access, relates to conduct alleged in the Complaint, i.e., denial of the right to law library access. (*Compare* Compl., Doc. 1 at 10-11 [alleges Tiscornia issues Plaintiff library passes only during his scheduled yard time] *with* Mot. for Injunctive Relief, Doc. 20 at 2-3 [requesting Tiscornia be required to issue Plaintiff law library passes every day].) Given the nexus between the relief requested in the Complaint and Motion, the Court may consider the

---

[4] Pursuant to Local Civil Rule 4.1(a), "[a]ll complaints must be served within ninety (90) days." *See also*, Fed. R. Civ. P. Rule 4(m). In cases such as this, where service of a summons and pleading is to be made by the U.S. Marshals Service, "the party at whose request the summons is issued is responsible for providing the [U.S. Marshals Service] with appropriate instructions regarding the person upon whom service is to be made, in what capacity the service is to be made (official or individual), and at what address service is to be made." CivLR Rule 4.1(c).

merits of Plaintiff's request for injunctive relief. *Pac. Radiation Oncology*, 810 F.3d at 636.

The threshold *Winter* factor for demonstrating entitlement to injunctive relief—likelihood of success on the merits—is the most important factor. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (citation omitted). To the extent plaintiff fails to show a likelihood of success on the merits, the Court need not consider the remaining three factors. *Id.* (citation omitted).

Here, Plaintiff's underlying claim is denial of the right of access to the courts. This fundamental right requires prisons to "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977) *limited in part on other grounds*, *Lewis v. Casey*, 518 U.S. 343 (1996). While this right requires inmates be given the opportunity to attack their sentences and conditions of confinement, it does not go so far as to guarantee inmates the ability to "transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." *Id.* at 355. Indeed, the right does not guarantee a prisoner the ability to effectively litigate once in court. *Id.* at 354.

A prisoner claiming denial of his right of access to the courts must establish he suffered an actual injury, which is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a claim." *Lewis*, 518 U.S. at 348 (citation and internal quotations marks omitted). Actual injury is a standing requirement that cannot be waived; speculative injury does not vest standing. *Id.* at 349; 351-352. Actual injury cannot be established merely by claiming the prison's law library "is subpar in some theoretical sense," rather, the inmate must demonstrate the alleged shortcomings in the library "hindered his efforts to pursue a legal claim." *Id.* at 351; *see also Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (explaining "[f]ailure to show a non-frivolous legal claim has been frustrated is fatal" to a claim for denial of access to legal materials) (citing *Lewis*, 518 U.S. at 353 n. 4). For example, a prisoner may

7

demonstrate actual injury if he is "so stymied by inadequacies of the law library that he [is] unable even to file a complaint." *Lewis*, 518 U.S. at 351.

Here, Plaintiff requests unlimited and priority access to the law library. (Doc. 20, 2-3 [requesting order requiring Tiscornia to issue law library passes every day and recognizing Plaintiff's "priority legal user" status].) However, there is no constitutional right to a minimum number of required hours for law library access, much less unlimited library access. *Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir. 1994) (affirming summary judgment on access to court claim based upon prisoner's failure to plead any actual injury as a result of inadequate access to law library); *Lindquist v. Idaho State Bd. of Correc.*, 776 F.2d 851, 858 (9th Cir. 1985) (stating, "the Constitution does not guarantee a prisoner unlimited access to a law library. Prison officials of necessity must regulate the time, manner, and place in which library facilities are used.") (internal citations omitted); *see also Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985) (reversing district court order requiring access to law library for specified number of hours). In any event, there are no facts to suggest Plaintiff's ability to attack his sentence or conditions of confinement has been hindered due to Plaintiff's limited law library access. *Lewis*, 518 U.S. at 351. Absent any actual injury as a result of being denied unlimited law library access, Plaintiff's Motion fails to demonstrate a likelihood of success on the merits of his cause of action asserting denial of access to the courts.

The same rationale applies for Plaintiff's request for unlimited copy jobs, litigation supplies and typewriter access. First of all, there is no constitutional guarantee to typewriter access. *Lindquist, supra*, 776 F.2d at 858. With respect to photocopying and other litigation supplies, the right of access to the courts is interpreted to include an inmate being offered the ability to make photocopies of documents required to file an action or appeal and being supplied paper and pen to draft court documents. *Allen v. Sakai*, 48 F.3d 1082, 1089-90 (9th Cir. 1994) (noting "plaintiff's access [to] the courts could be hindered seriously by an inability to make multiple, accurate copies of legal documents.") (citation omitted). As with all access to court claims, however, an inmate must establish any alleged

shortcomings in legal access hindered his ability to pursue a nonfrivolous claim. *Bounds, supra*, 430 U.S. at 828; *Hiser v. Franklin*, 94 F.3d 1287, 1294 n.6 (9th 1996) (explaining in order to prevail on an access to courts claim for shortcomings in a prison's photocopying policy, plaintiff must establish such shortcomings "hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim.") Plaintiff's Motion fails to identify a single instance where Plaintiff was unable to prepare court papers or filings due to limited access to photocopying or materials. Suffering no actual prejudice or injury, Plaintiff cannot demonstrate a likelihood of success on the merits on his access to court claim on this basis.

Plaintiff also seeks an order requiring Tiscornia to "stop reading, asking where it's going 'legal copies' and she do her job of making sure copies are not inappropriate material," however, Plaintiff fails to allege any actual injury occurred as a result of such conduct. (Doc. 20 at 2.) To state a cognizable access to court claim alleging *active interference* by prison officials, the inmate must allege an actual injury as a result of such interference. *See Silva v. Di Vittorio*, 658 F.3d 1090, 1102-1104 (9th Cir. 2011) (discussing access to court claim involving active interference and noting actual injury requirement) *overruled on other grounds*, *Richey v. Dahne*, 807 F.3d 1202, 1209 n. 6 (9th Cir. 2015). Plaintiff failed to make a clear showing to entitlement to injunctive relief, as there are no facts to demonstrate actual injury resulted from active interference by prison officials.

Finally, Plaintiff requests an order requiring Tiscornia's removal and replacement from the A-yard law library, however, such request is premised upon a speculative claim of injury. (Doc. 20 at 2.) Specifically, Plaintiff requests Tiscornia's removal "before she falsifies a [Rules Violation Report] against [P]laintiff which she has a history of doing to inmates." (*Id.*) Again, an access to court cause of action cannot be established by resting upon a speculative claim of injury. *Lewis*, 518 U.S. at 349; 351-352. Moreover, "[s]peculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." *Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (citation omitted).

Absent any showing of actual injury, Plaintiff failed to demonstrate a likelihood of success on the merits on his access to court cause of action. *Lewis*, 518 U.S. at 348-352; *Silva*, 658 F.3d at 1102. As such, it is unnecessary to consider the three remaining *Winter* factors for preliminary injunctive relief. *Garcia*, 786 F.3d at 740. Plaintiff's request for preliminary injunctive relief is denied.

## V. CONCLUSION

The Court respectfully submits this Report and Recommendation to United States District Judge Dana M. Sabraw pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 72.1(c)(1)(a). For the reasons set forth above, **IT IS HEREBY RECOMMENDED** that the Court issue an order (1) approving and adopting this Report and Recommendation; and (2) **DENYING** Plaintiff's Motion for Protective Order and or Injunctive Relief without prejudice (Doc. 20).

**IT IS ORDERED** that no later than **August 8, 2019**, any parties to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **September 9, 2019**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's Order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED**.

DATE: July 9, 2019

HON. RUTH BERMÚDEZ MONTENEGRO
United States Magistrate Judge