UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br>CDCR #AG-2394,<br><br>                            Plaintiff,<br>v.<br><br>OFFICER O. NAVARRO; et al.,<br>                           Defendants. | Case No.: 3:18-cv-01318-DMS-RBM<br><br>**SUPPLEMENT TO REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE DATED JULY 9, 2019 RE: PLAINTIFF'S ADDENDUM TO MOTION FOR PROTECTIVE ORDER AND/OR INJUNCTIVE RELIEF**<br><br>[Docs. 20, 23] |

## I. <u>INTRODUCTION</u>

Lance Williams ("Plaintiff"), a prisoner proceeding *pro se* and *in forma pauperis*, filed a civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983") against several staff members at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California. (*See generally* Docs. 1, 17.) On June 14, 2019, Plaintiff filed a "Notice/Motion for Protective Order and or Injunctive Relief upon Defendant C. Tiscornia" ("Motion" or

1

"Underlying Motion").¹ (Doc. 20.) On July 9, 2019, the Court issued a Report and Recommendation recommending denial of the Motion without prejudice ("R&R"). (Doc. 21.) Immediately after issuance of the R&R, the Court received Plaintiff's "Addendum to Notice/Motion for Protective Order and or Injunctive Relief upon Defendant C. Tiscornia" ("Addendum" or "Addendum to Motion"), which the Court accepted *nunc pro tunc* to July 8, 2019.² (Docs. 22-23.)

In light of new allegations presented in the Addendum, the Court supplements its July 9, 2019 R&R to analyze same. Notwithstanding the additional information, this Court respectfully recommends Plaintiff's Underlying Motion and Addendum to Motion be **DENIED**, without prejudice. (Docs. 20, 23.)

## II. PROCEDURAL HISTORY

The July 9, 2019 R&R recommends denial of Plaintiff's Underlying Motion, wherein it analyzes the allegations in Plaintiff's Complaint and Underlying Motion. (Doc. 21.) A brief summary of same is set forth herein.

Plaintiff's Complaint names twelve defendants, including Law Library Clerk C. Tiscornia ("Tiscornia"), and asserts three Section 1983 causes of action for First and Eighth Amendment violations. (Doc. 1.) As against Tiscornia, Plaintiff alleges Tiscornia denied Plaintiff access to the law library (i.e., a First Amendment access to courts cause of action) and denied Plaintiff adequate out-of-cell time in granting Plaintiff access to the law library only during his scheduled yard time (i.e., an Eighth Amendment cause of action). (*Id.* at 4, 9-11.) Although Plaintiff's Complaint asserts multiple causes of action against multiple Defendants, the character of relief requested in the Underlying Motion seeks increased law library access, which solely relates to the First Amendment cause of action. (*See generally*,

---

¹ On June 21, 2019, the Court accepted Plaintiff's Underlying Motion *nunc pro tunc* to June 14, 2019, notwithstanding discrepancies in the Motion. (Doc. 19.)
² Although the Clerk of Court received Plaintiff's Addendum to Motion on July 8, 2019, the Court did not receive notice of the Addendum until after issuance of its R&R on July 9, 2019, due to the Addendum's filing discrepancy. (Doc. 22.) On July 9, 2019, the Court issued an Order accepting the Addendum *nunc pro tunc* to July 8, 2019. (Doc. 22.)

2

Doc. 20.) As such, the Court's July 9, 2019 R&R focused its analysis on this single cause of action against Tiscornia. (Doc. 21, 5-8 (citing *Pac. Radiology Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (a threshold requirement for injunctive relief requires a nexus "between the injury claimed in the motion . . . and the conduct asserted in the underlying complaint . . . .").)

   A.   Underlying Motion

Plaintiff's Motion alleged that Tiscornia reads Plaintiff's legal material and refuses to comply with Plaintiff's photocopy requests in retaliation against Plaintiff for filing the instant lawsuit. (Doc. 20, 1.) Plaintiff requested an order requiring: (1) Tiscornia's removal and replacement from the A-yard law library "before she falsifies a [Rules Violation Report] against [P]laintiff which she has a history of doing to inmates"; (2) Tiscornia to "stop reading, asking where it's going 'legal copies' and she do her job of making sure copies are not inappropriate material"; (3) Tiscornia to issue law library passes to Plaintiff "everyday [sic] it's open for both [AM] and [PM] hours" and to comply with all of Plaintiff's copy requests; (4) Tiscornia to provide unlimited supplies of paper, envelopes, exhibit sheets and immediately restore typewriter access to the law library, and; (4) Tiscornia to recognize Plaintiff's "priority legal user" status to the law library. (*Id.* at 2-3.)

The Court's July 9, 2019 R&R recommended denial of the Underlying Motion on two grounds. (Doc. 21.) First, the Court reasoned it could not issue preliminary injunctive relief until each Defendant is provided with notice and an opportunity to be heard on same. (*Id.* at 6 (citing Fed. R. Civ. P. 65(a)(1); *Armstrong v. Brown*, 768 F.3d 975, 979-980 (9th Cir. 2014)). Second, the Court concluded Plaintiff did not carry his burden of persuasion for issuance of a preliminary injunction because Plaintiff failed to demonstrate a likelihood of success on the merits of his underlying cause of action for denial of access to the courts. (Doc. 21, 6-10.) Specifically, the Court concluded Plaintiff failed to demonstrate any actual injury with respect to contemplated or existing litigation, a showing which is required to establish an access to courts cause of action. (Doc. 21, 7-10 (citing *Lewis v.*

3

*Casey*, 518 U.S. 343, 348 (1996)).

B. Addendum to Motion

Plaintiff's Addendum contains several allegations duplicative of those set forth in the Underlying Motion, including that his access to the law library has been limited to less than the "required minimum" number of hours, RJD staff threatens Plaintiff with Rules Violation Reports ("RVR"), and he missed court deadlines because his access to the library is limited. (Doc. 23, 1-2, 4.)

The entirely new allegation presented in the Addendum relates to Tiscornia's RVR issued against Plaintiff and dated June 26, 2019, which occurred *after* Plaintiff filed the Underlying Motion. (Doc. 23, 2 & Ex. A, 5-7.) On June 26, 2019, Plaintiff had a scheduled medical pass, but he visited the law library instead. (*Id.* at 2 & Ex. A, 6.) Tiscornia instructed Plaintiff to exit the law library, advising Plaintiff he could only visit the library during Plaintiff's scheduled yard time. (*Id.*) The RVR cites Plaintiff for being "out of bounds" and states Tiscornia felt intimidated by Plaintiff when she heard Plaintiff arguing with another officer regarding Plaintiff's access to the library. (*Id.* at Ex. A, 6-7.) Plaintiff claims Tiscornia's RVR is false and made in retaliation against Plaintiff for filing the instant litigation. (Doc. 23, 2-3.) Plaintiff claims Tiscornia never previously enforced the "underground rule" regarding library access being granted only during scheduled yard time and it violates Plaintiff's Eighth Amendment rights because it requires Plaintiff to choose between using out-of-cell time for exercise or law library use. (*Id.* (citing *Kaufman v. Schneiter*, 474 F. Supp. 2d 1014, 1030 (W.D. Wis. 2007).) Plaintiff allegedly received threats from other RJD staff cautioning Plaintiff to "stop harassing . . . Tiscornia" and stop filing grievances and litigation. (*Id.* at 3-4.)

Notwithstanding the new factual allegations presented above, the relief requested in Plaintiff's Addendum only seeks Tiscornia's removal from the law library to: (1) prevent Tiscornia from reading Plaintiff's litigation material related to this case; and (2) allow Plaintiff to access the library without being threatened with an RVR based upon Tiscornia's false allegations of Plaintiff's misconduct. (*Id.* at 3-4.)

4

## III. REQUEST FOR INJUNCTIVE RELIEF

In accordance with the Court's July 9, 2019 R&R, Plaintiff's Addendum is construed as a request for preliminary injunctive relief, as he requests relief without any durational limit. (Doc. 21, 4-5.) A threshold requirement for preliminary injunctive relief is "a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint . . . ." *Pac. Radiology Oncology, LLC, supra*, 810 F.3d at 636. Here, the character of relief requested in Plaintiff's Addendum essentially requests access to the law library without active interference by Tiscornia, which seeks relief of the same nature as the access to courts cause of action in the Complaint. While Plaintiff's Addendum claims Tiscornia engages in retaliatory conduct against Plaintiff, there is no basis to analyze the merits of an injunction on this ground because the Complaint does not assert a retaliation cause of action against Tiscornia. *Id.*; *see also De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1989) (there is no basis to grant an injunction when the injunction "deals with a matter lying wholly outside the issues in the suit."). Therefore, in analyzing the merits of issuing an injunction, the Court only considers Plaintiff's requested relief which relates to Plaintiff's First Amendment access to courts cause of action against Tiscornia.

### A. Notice and an Opportunity to be Heard

As noted above, the Court recommended denial of the Underlying Motion because preliminary injunctive relief cannot be issued until all Defendants are provided with notice and an opportunity to be heard. Fed. R. Civ. P. 65(a)(1); *Armstrong*, 768 F.3d at 979-980. As of July 9, 2019 (i.e., the R&R filing date), there was no docket entry reflecting service of summons and the Complaint on any Defendant. (Doc. 20, 6, ll. 2-3.) Seven days later, Waivers of Service were filed for seven of the twelve named Defendants.[3] (Docs. 24-30.)

---

[3] Waivers of Service are on file for the following Defendants: Correction Officers O. Navarro ("Navarro"), Garsilaso ("Garsilaso"), C. Bagnol ("Bagnol"); [Sergeant] Corrections Officer F. Lewis ("Lewis"); Senior Psychologist of EOP R. Katyall; Clinician Case Manager S. Knittman; and Tiscornia.

Most recently, summonses were returned unexecuted for the remaining named Defendants.[4] (Docs. 31-35.) At this time, no Defendant has formally appeared in the action. Plaintiff's Addendum is premature based upon the same grounds in the Court's July 9, 2019 R&R, as Plaintiff fails to allege any facts demonstrating the necessity of issuing an injunction without an opportunity for a hearing.

B. Factors to Consider for Issuing Injunctive Relief

Although Plaintiff presented new allegations to support his request for injunctive relief, Plaintiff still fails to satisfy his burden of persuasion for issuance of preliminary injunctive relief. *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012). A party requesting injunctive relief must demonstrate four factors: "[plaintiff] is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter*).

To succeed on the merits of an access to courts cause of action, the prisoner must establish he suffered an actual injury, which is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a claim." *Lewis*, 518 U.S. at 348 (citation and internal quotations omitted). Specifically, the inmate must demonstrate alleged shortcomings in the library "hindered his efforts to pursue a legal claim." *Id.* at 351; *see also Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (explaining "[f]ailure to show a non-frivolous legal claim has been frustrated is fatal" to a claim for denial of access to legal materials) (citing *Lewis*, 518 U.S. at 353 n. 4).

Plaintiff's Addendum requests Tiscornia's removal from the law library to prevent Tiscornia from reading Plaintiff's litigation material. (Doc. 23 at 3.) But Plaintiff does not

---

[4] Summonses have been returned unexecuted for the following Defendants: E. Estrada ("Estrada"); A-yard [Building] # 2 Staff; Correctional Counselor [One] Hall ("Hall"); Litigation [Department] of RJD ("Litigation Department"); and RJD EOP Scheduling Dept.

6

identify when Tiscornia's reading of Plaintiff's litigation material occurred, what was reviewed, or how this violated Plaintiff's constitutional rights other than claiming it "violates [Plaintiff's] legal work product confidentiality . . . ." (*Id.* at 4.) Plaintiff cites no caselaw or authority that prisoners have any privilege, right to confidentiality, or right to privacy in materials being copied at the law library. *Lopez*, 680 F.3d at 1072 (preliminary injunctive relief "should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion."). Moreover, Plaintiff's request improperly asks the federal court to intervene in the operation and management of prisons which "is not the role of courts, but that of the political branches, to shape the institutions of government in such fashion as to comply with the laws and the Constitution." *Lewis*, 518 U.S. at 349; *see also Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (citing *Sandin v. Conner*, 115 U.S. 472, 482-483 (1995)). In any event, Plaintiff fails to allege facts claiming Tiscornia's reading Plaintiff's litigation materials hindered his efforts to pursue a legal claim or caused "actual injury" with respect to existing or contemplated litigation, which is a required showing to establish an access to courts cause of action. *Lewis*, 518 U.S. at 351. As such, injunctive relief should not be issued because Plaintiff failed to demonstrate a likelihood of success on the merits of his access to courts cause of action.

Plaintiff also claims Tiscornia should be removed from the library because she threatens him with RVRs and falsely accuses him of wrongdoing. (Doc. 23 at 3-4.) While a nexus exists between this request for relief and the underlying access to courts cause of action, Plaintiff still fails to demonstrate that Tiscornia's conduct caused actual injury to existing or contemplated litigation. *Pac. Radiology Oncology, LLC*, *supra*, 810 F.3d at 636; *see Silva v. Di Vittorio*, 658 F.3d 1090, 1102-1104 (9th Cir. 2011) (an access to courts claim alleging active interference by prison officials requires a showing of actual injury as a result of such interference) *overruled on other grounds*, *Richey v. Dahne*, 807 F.3d 1202, 1209 n. 6 (9th Cir. 2015).

While Tiscornia issued an RVR against Plaintiff on June 26, 2019, there are no facts demonstrating Plaintiff's ability to pursue a legal claim has been hindered. (Doc. 23, 3

7

[stating, "this fabricated RVR effects plaintiffs [sic] liberty interest in multiple ways *if* plaintiff is found guilty . . . ."] (emphasis added).); *Lewis*, 518 U.S. at 351-352 (speculative injury does not vest standing). Rather, it appears Plaintiff is continuing to access the law library, litigate and file grievances each time he believes his constitutional rights are violated. (*See generally*, Doc. 23 at Ex. C [Inmate Appeal containing allegations against Tiscornia].) Lacking any showing of actual injury resulting from Tiscornia's RVR, Plaintiff's Addendum fails to demonstrate a likelihood of success on the merits of his access to courts cause of action.

Given that Plaintiff's Addendum fails to demonstrate a likelihood of success on the merits of his underlying cause of action, it is unnecessary to consider the three remaining *Winter* factors for preliminary injunctive relief. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015).

## IV. CONCLUSION

The Court respectfully submits this Supplement to its Report and Recommendation dated July 9, 2019, to United States District Judge Dana M. Sabraw pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 72.1(c)(1)(a). For the reasons set forth above, **IT IS HEREBY RECOMMENDED** that the Court issue an order (1) approving and adopting this Supplement to Report and Recommendation dated July 9, 2019; and (2) **DENYING** Plaintiff's Motion for Protective Order and or Injunctive Relief and Addendum to Motion for Protective Order and or Injunctive Relief without prejudice (Docs. 20, 23).

**IT IS ORDERED** that no later than **August 28, 2019**, any parties to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

///
///
///
///
///

8

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **September 27, 2019**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's Order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED**.

DATE: July 29, 2019

_____
HON. RUTH BERMUDEZ MONTENEGRO
United States Magistrate Judge