UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS, CDCR #AG-2344,<br><br>                        Plaintiff,<br><br>      vs.<br><br>O. NAVARRO, N.A. GARSILASO, E. ESTRADA, C. BAGNOL, F. LEWIS, L. HALL, R. KATYAL, S. KNITTMAN, C. TISCORNIA, A-Yard Building #2 Staff, RJD Litigation Department, and RJD EOP Scheduling Department,<br><br>                        Defendants. | Case No.: 18cv1318-DMS (RBM)<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANTS' MOTION TO DISMISS PURSUANT TO Fed. R. Civ. P. 12(b)(6);**<br><br>**(2) DISMISSING COUNTS TWO AND THREE OF THE COMPLAINT WITHOUT PREJUDICE;**<br><br>**(3) DISMISSING UNSERVED DEFENDANTS WITHOUT PREJUDICE; and**<br><br>**(4) GRANTING LEAVE TO AMEND** |

Lance Williams ("Plaintiff") is a California prisoner proceeding pro se and in forma pauperis with a Complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 1.) He claims that while housed at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, his Eighth Amendment rights were violated when he was: (1) not released from his cell to shower and obtain prescription medication on sixteen occasions, retaliated against for his use of the inmate grievance system, and intentionally hit by his cell door and denied medical care for the resultant injuries (count one); (2) not allowed to contact

his attorney (count two); and (3) denied adequate time out of his cell which was kept at a high temperature and denied medical and mental health care for the resultant injuries, and provided inadequate law library time (count three). (*Id*. at 5-11.)

Defendants C. Bagnol, S. Knittman, C. Tiscornia, F. Lewis, O. Navarro, R. Katyal and N.A. Garsilaso have filed a Motion to Dismiss counts two and three of the Complaint pursuant to FED. R. CIV. P. 12(b)(6). (ECF No. 39.) Defendants E. Estrada and L. Hall have joined the motion. (ECF No. 50.) The summons for the three remaining Defendants named in the Complaint, A-Yard Building #2 Staff Corrections Officers, Litigation Department of RJD Litigation Coordinators, and RJD EOP Scheduling Department, were returned unexecuted by the United States Marshal. (ECF Nos. 31, 34, 35.)

Plaintiff has filed an Opposition to the Motion to Dismiss and a Supplemental Opposition to the Joinder. (ECF Nos. 44, 51.)

For the reasons discussed herein, Plaintiff has failed to state a claim upon which relief may be granted as to counts two and three of the Complaint. The Court therefore **GRANTS** Defendants' Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) and **DISMISSES** counts two and three of the Complaint without prejudice.[1]

In addition, the Court **GRANTS** Plaintiff leave to amend to correct the pleading deficiencies identified in this Order if he wishes to attempt to do so, or to proceed only with count one of the Complaint. The Court **DISMISSES** the three unserved Defendants without prejudice for lack of timely service.

**I.    Plaintiff's Complaint**

The Complaint names as Defendants RJD Correctional Officers O. Navarro, N.A. Garsilaso, C. Bagnol, E. Estrada, F. Lewis, L. Hall and the A-Yard Building #2 Staff. (ECF No. 1 at 2-4.) In addition to those Correctional Officers, the Compliant also names as

---

[1] Although the motion was referred to United States Magistrate Judge Ruth Bermudez pursuant to 28 U.S.C. § 636(b)(1)(B), the Court has determined that neither oral argument nor a Report and Recommendation is needed for its disposition. S.D. Cal. Civ.L.R. 72.1(d).

Defendants the Senior Psychologist of the Enhanced Outpatient Program ("EOP") at RJD R. Katyal, Clinician Case Manager S. Knittman, Law Library Clerk C. Tiscornia, as well as "Litigation Dept. of RJD Litigation Coordinators," and "RJD EOP scheduling Dept. mental health scheduling department." (*Id*.) The Complaint contains three counts.

In count one Plaintiff claims a violation of his Eighth Amendment right to medical care, to be free from excessive force, to be free from "deliberate indifference," and to be free from deprivation of life's basic necessities. (*Id*. at 5.) He alleges that on May 20, 2018, Defendant "O. Navarro began his campaign of harassment" by refusing to release him from his cell to obtain prescribed medication at the 3:00 p.m. and 8:00 p.m. "med-pass time," and did so again on May 21, 22, 26, 27, 28, 30 and 31, and June 3 and 4, 2018. (*Id*. at 5.) He was not released from his cell for medication on May 24 and June 2, 5, 6 and 7, 2018, but does not allege who was responsible, and alleges his "man down calls" he made due to migraines and nose bleeds on those occasions were ignored. (*Id*.) He alleges that on June 4, 2018, Defendant Navarro opened his cell door halfway and pushed the button to close the door while Plaintiff was entering, which hit Plaintiff in the head and knocked him down injuring his neck and shoulder, and then refused him medical attention for those injuries and refused to let him out of his cell for his 8:00 p.m. medication. (*Id*.)

Plaintiff alleges he was denied the opportunity to shower on May 22, 24, 27 and 31, and June 2, 3, 4, 5 and 7, 2018, and as a result developed rashes and fungus on his feet and groin. (*Id*. at 5-6.) He alleges Defendant Bagnol "also conducted the same type of activity" as Defendant Navarro of not allowing him access to his medication and showers on June 1, 2 and 8, 2018. (*Id*. at 6.) He alleges Defendant Garsilaso delivered Plaintiff's mail to his cell on an unidentified date after Plaintiff had been banging on his door for an hour requesting medication. (*Id*.) He showed Defendant Garsilaso the bloody towel he was using for his nosebleed at that time but Defendant Garsilaso said: "write a 602 [inmate grievance], don't you always do that anyway," and walked away. (*Id*.) When Plaintiff asked Defendant Bagnol why his requests for medication were ignored, he responded: "the nurse T. Briseo told him not to let me out that I don't have anything to get." (*Id*.) Plaintiff

states that Nurse Briseo later denied saying that to Defendant Bagnol and had in fact told Defendant Bagnol that Plaintiff "has a P.R.N. migration medication and a psych medication he can take if he wanted it and to let him out if he wanted it." (*Id*.) Plaintiff alleges Defendant Estrada was aware Plaintiff was not being let out for his medication but did nothing about it. (*Id*.)

Plaintiff alleges that on June 8, 2018, he received a falsified and fabricated Rules Violation Report ("RVR") which charged him with the use of disrespectful language when Defendant Navarro let him out of his cell for his medication at 8:32 p.m. on June 4, 2018. (*Id*. at 7, 15.) He alleges Defendant Navarro filed the RVR in retaliation for Plaintiff filing numerous inmate grievances regarding the campaign of harassment and to discourage him from complaining about being hit by his cell door. (*Id*. at 7.) On June 12, 2018, Defendant Navarro allegedly pointed a mini-14 assault weapon at Plaintiff and said: "If you put another appeal in that box or I get wind of any lawsuits I'll blow you away." (*Id*.)

In count two Plaintiff alleges a violation of his Eighth Amendment right of access to the courts. (*Id*. at 8.) He states that as a result of being placed on "loss of privileges," Defendants A-Yard Building #2 Staff deprived him of the "ability to contact his attorney for active case #LA061501 and for civil actions he has active." (*Id*.) He alleges Defendants Lewis and Hall, along with Sergeant Estorhio who is not a named Defendant, were informed of his need to contact his attorney but deprived him of an opportunity to speak to his attorney, as did Defendant "Litigation Department of RJD," including its employees "C.C.I. McGuirre and Connie," neither of whom are named as Defendants. (*Id*.) He claims that every A-Yard Building #2 Staff went out of their way to prevent him from contacting his attorney to the point he had to involve other inmates and breach his attorney-client confidentiality. (*Id*.) As a result, he missed a June 21, 2018 court deadline which required him to obtain an extension, which in turn has caused him to be falsely imprisoned longer than he would have been but for the extension. (*Id*.)

In count three Plaintiff claims a violation of his Eighth Amendment right to adequate medical care, access to the courts, and to be free from retaliation. (*Id*. at 9.) He alleges his

loss of privileges was a result of a campaign of harassment against him which in turn resulted in denial of his mandatory 10 hours of out of cell time per week. (*Id*.) He states he is classified at RJD in the EOP with a history of suicide attempts, and the reduction of out of cell time from 10 hours per week to 6 hours one week and 7 hours two other weeks caused a deterioration of his mental health and physical injuries arising from sensory deprivation, aggravated by the temperature in his cell in excess of one hundred degrees in the summer months, and which include high blood pressure, chronic low back pain, a risk of stroke, possible suicide and homicide attempts, as well as the denial of medication, showers, dayroom time, yard time, and having to choose between exercise time or law library time. (*Id*. at 9-10.) He states that Defendant Knittman and his supervisor Defendant Kayall, as well as Defendant RJD EOP Scheduling Department, "are all liable" for those deprivations. (*Id*. at 9.) He claims that Defendant Tiscornia, by scheduling Plaintiff's law library passes during his yard time and refusing his request to change that schedule, is responsible for Plaintiff having to choose between exercise time or time in the law library needed for his more than twenty active legal cases. (*Id*. at 11.)

## II. Legal Standards

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because Rule 12(b)(6) focuses on the "sufficiency" of a claim rather than the claim's substantive merits, "a court may look only at the face of the complaint to decide a motion to dismiss." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007). "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-

5

18cv1318-DMS (RBM)

38 (9th Cir. 1996). The Court need not accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (a court is "not bound to accept as true a legal conclusion couched as a factual allegation.")

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678, quoting *Twombly*, 550 U.S. at 556. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.*, quoting *Twombly*, 550 U.S. at 557. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009), quoting *Iqbal*, 556 U.S. at 678.

"In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). The rule, however, "applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Courts "may not supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

**III.  Arguments in support of and opposition to Defendants' Motion to Dismiss**

The California Attorney General, on behalf of Defendants Navarro, Garsilaso, Bagnol, Lewis, Katyal, Knittman and Tiscornia, all of whom have waived service of the summons and complaint (*see* ECF Nos. 24-30), has filed the instant motion to dismiss

counts two and three of the Complaint. (ECF No. 39.) After the motion was filed, waivers of the summons and complaint as to Defendants Estrada and Hall were filed (ECF Nos. 48-49), and the California Attorney General filed a joinder on their behalf in the motion to dismiss. (ECF No. 50.) The summons for the three remaining Defendants named in the Complaint, A-Yard Building #2 Staff Corrections Officers, Litigation Department of RJD Litigation Coordinators, and RJD EOP Scheduling Department, were returned unexecuted by the United States Marshal after the Defendants were unable to be located with the information provided by Plaintiff. (ECF Nos. 31, 34, 35.)

The moving Defendants argue Plaintiff has failed to state an Eighth Amendment denial of access to courts claim in count two because such a claim must be brought if at all under the First Amendment, and has failed to state such a claim because he has not alleged an actual injury as a result of the denial of his request to speak with his attorney. (ECF No. 39 at 12-13.) Defendants argue count three fails to state a claim for denial of exercise because there are no facts alleged which, if proven, demonstrate personal participation by any of them in the alleged deprivation, and no facts alleged showing that the short periods of time Plaintiff was denied outdoor exercise, four hours one week and three hours two other weeks, are sufficiently serious so as to state such a claim. (*Id*. at 13-16.) They argue count three does not state a claim for denial of mental health care for the same reasons, a lack of facts alleging a direct participation in the alleged violation by any Defendant and a lack of factual allegations of a serious effect to his mental health. (*Id*. at 16-19.)

Defendants argue Plaintiff has not stated an Eighth Amendment claim for denial of access to showers and regarding the temperature in his cell in count three because it is based on vague and conclusory allegations regarding those conditions without allegations of direct participation by any Defendant. (*Id*. at 17-18.) Finally, Defendants argue being forced to choose between yard time and law library time in and of itself does not state an access to courts claim, which must be accompanied by allegations of an actual injury, which Plaintiff has failed to allege for the same reasons as in count two. (*Id*. at 18-19.)

///

Plaintiff opposes the motion to dismiss, arguing generally that he has alleged a causal link between the Defendants and the violations of his rights in all three counts through his allegation in count one that they are all part of a campaign of harassment against him. (ECF No. 44 at 1-2.) He states he has alleged the facts of the Complaint to the best of his ability and assumed he could supplement his allegations of direct participation by individual Defendants through the discovery process. (*Id*. at 2.) As to the objective prong of an Eighth Amendment claim, he contends he has satisfied it through his allegations regarding the deterioration of his mental and physical health. (*Id*. at 1-2.)

Specifically, with respect to count two of the Complaint, Plaintiff states he labeled it as an Eighth Amendment access to courts claim in error and asks the Court to excuse the error due to his pro per status. (*Id*. at 3.) He states Defendants are wrong to characterize it as a First Amendment access to courts claim, and that he is attempting to state a claim based on interference with his ability to contact his attorney regarding an appeal in an active criminal case as a violation of his Sixth Amendment right to counsel. (*Id*.)

With respect to count three of the Complaint, Plaintiff disagrees with Defendants' contention that brief denials of outdoor exercise are insufficient to satisfy the objective prong of an Eighth Amendment claim, arguing that the denial of out of cell time here rises to such a level because it resulted in serious injuries. (*Id*. at 4.) He argues he has alleged personal participation because he told Defendants Katyal and Knittman he would kill himself or hurt someone if he was not provided more out of cell time or if the harassment did not stop. (*Id*. at 5-6.) He also contends he has stated a claim against Defendant Katyal for supervisor liability because she was aware of his complaints though 602 inmate appeals he filed and interviews he had with Defendant Knittman, which Defendant Katyal was required to review as Defendant Knittman's supervisor. (*Id*. at 6.)

With respect to Defendants' argument that Plaintiff has failed to state a claim regarding the temperature in his cell and lack of showers, Plaintiff states that these claims are included in his general claim of an ongoing campaign of harassment he has suffered for many months by Defendant A-Yard Building #2 Staff, individual members of which

he intends to identify through discovery. (*Id*. at 7.) He contends that the specifics of his allegations regarding the campaign of harassment are outlined in a separate civil action he filed in this Court about one month after he initiated this action, So. Dist. Ca Civil Case No. 18cv1581-WQH (KSC), of which he requests the Court take judicial notice. (*Id*.) He also states that direct participation by the Defendants in this action of the claims raised here can be supplied by looking at other civil rights cases he has filed in this Court against the same Defendants in So. Dist. Ca Civil Case No. 18cv1006-AJB (JMA) and So. Dist. Ca Civil Case No. 18cv1964-AJB (BLM). (*Id*. at 7-8.)

With respect to his claim of denial of access to the courts in count three based on having to choose between yard time and law library time, he contends he does not need to satisfy the actual injury prong of a First Amendment access to courts claim because he is bringing the claim under the Eighth Amendment predicated on the injuries he has sustained by inadequate exercise time. (*Id*. at 8-9.) He argues he has in any case shown actual injury by impairment of his legal claims through an inability to locate legal citations in cases he is litigating, and by being "shut out" in So. Dist. Ca Civil Case No. 18cv1006-AJB (JMA), FC5046005, LA070629, BC718859 and two additional cases which have not yet been assigned case numbers, as well as not being able to file a habeas corpus petition in LA075334, to "only name a few." (*Id*. at 9-10.)

## IV. Discussion

For the following reasons, the Court grants Defendants' motion to dismiss counts two and three of the Complaint and dismisses those counts without prejudice. The Court *sua sponte* dismisses the three unserved Defendants without prejudice for failure to timely effect service. Plaintiff may choose to amend his pleading with respect to counts two and three, and if not, to proceed with this action only as to count one of the Complaint.

### A. Count Two fails to state a claim for relief

Plaintiff alleges in count two that he personally informed Defendants Lewis and Hall, along with Sergeant Estorhio, an RJD employee not named as a Defendant, of his "need to contact his attorney." (ECF No. 1 at 8.) He alleges that two members of

Defendant RJD Litigation Department, McGuire and Connie, who are also not individually named as Defendants, were placed on notice of the need to contact his attorney by Connie's receipt of a letter from Plaintiff's attorney, attached to the Complaint as Exhibit B, authorizing Plaintiff to telephone his attorney "whenever he feels he has the need to do so." (*Id*. at 8, 17.) There are no allegations in count two against the remaining Defendants, Navarro, Garsilaso, Bagnol, Katyal, Knittman, Tiscornia, Estrada, A-Yard Building #2 Staff or RJD EOP Scheduling Department. (*Id*. at 8.)

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). Plaintiff claims a violation of his Eighth Amendment right of access to the courts in the Complaint. (*Id*.) Defendants argue in their motion to dismiss that an access to courts claim can only be brought under the First Amendment. (ECF No. 39 at 12-13.) Plaintiff replies in his opposition that he intended to bring the claim as a violation of his Sixth Amendment right to counsel in his ongoing criminal appeal. (ECF No. 44 at 3.)

The Supreme Court has acknowledged that the right of access to courts has been at times located in various provisions of the Constitution. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Nevertheless, that Court has stated that however "unsettled" the basis for the constitutional right of access to courts may be, a prisoner alleging denial of such a claim must plausibly allege: (1) acts by prison officials which frustrated his litigation activities, (2) the loss of a "nonfrivolous" or "arguable" claim, and (3) the remedy sought through the access to courts claim is not otherwise available in another suit. *Id*. at 415.

Plaintiff states in his opposition that he does not need to satisfy the actual injury requirement of a First Amendment access to courts claim because he is bringing the claim as a violation of his Sixth Amendment right to counsel in his ongoing criminal appeal. (ECF No. 44 at 3.) Plaintiff is unable to avoid the actual injury requirement by framing his claim as a denial of contact with his attorney in his criminal appeal under the Sixth Amendment because that amendment does not apply to access to courts claims by prisoners

10

18cv1318-DMS (RBM)

who are represented by counsel in the case with which they are claiming interference. *See Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989) ("The right of access to the courts is subsumed under the first amendment right to petition the government for redress of grievances."); *United States v. Olano*, 62 F.3d 1180, 1193 (9th Cir. 1995) (holding that the Sixth Amendment does not guarantee a constitutional right to hybrid representation, but requires a showing of ineffective assistance of counsel or a complete absence of counsel at a critical stage of the trial to state a violation). Plaintiff has failed to show his alleged Sixth Amendment violation cannot be addressed in his criminal appeal. *See Harbury*, 536 U.S. at 415 (holding that a prisoner's access to courts claim can be brought only where the remedy sought is not otherwise available in another suit).

The Complaint as drafted does not allege actual injury required to state an access to the courts claim because Plaintiff does not allege the loss of any claim. *Id.* at 414-15 (requiring prisoner to allege the loss of a "non-frivolous" or "arguable" claim). Rather, he alleges he was required to obtain a continuance in his appeal of a criminal conviction where he is represented by an attorney, apparently alleging that assuming his sentence is reduced or overturned in that appeal, and assuming it will end his incarceration or reduce its duration, the delay will have caused him to spend more time incarcerated than he would have but for the continuance. As just discussed, that allegation does not state an access to courts claim. *Id*. He otherwise makes a vague and conclusory allegation that the inability to contact his attorney has caused him to be "shut out" in several other cases, which is insufficient to state a claim for relief under 42 U.S.C. § 1983. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Papasan*, 478 U.S. at 286 (a court is "not bound to accept as true a legal conclusion couched as a factual allegation."); *see also Sprewell*, 266 F.3d at 988 (a court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."); *Harbury*, 536 U.S. at 415 (holding that a prisoner must plausibly allege the loss of a "nonfrivolous" or "arguable" claim), citing *Lewis v. Casey*, 518 U.S. 343, 353 and n. 3 (1996) (holding that a prisoner must show that

"a non-frivolous legal claim had been frustrated or was being impeded," because "[d]epriving someone of a frivolous claim . . . deprives him of nothing at all, except perhaps the punishment of Federal Rule of Civil Procedure 11 sanctions.")

In addition to a failure to allege actual injury, Plaintiff fails to adequately allege personal participation by any Defendant regarding a denial of access to the courts in count two. He alleges that as a result of being placed on "loss of privileges," Defendants A-Yard Building #2 Staff deprived him of the "ability to contact his attorney for active case #LA061501 and for civil actions he has active" and went out of their way to prevent him from contacting his attorney. (ECF No. 1 at 8.) He alleges Defendants Lewis and Hall, along with Sergeant Estorhio and Defendant "Litigation Department of RJD," including its employees "C.C.I. McGuirre and Connie," were informed of his need to contact his attorney through a letter written by his attorney authorizing him to contact his attorney whenever he felt the need to do so, but deprived him of that opportunity. (*Id.*)

Plaintiff presents only vague and conclusory allegations that the Defendants were authorized by prison regulations to allow him to speak to his attorney, or that their failure to do so was what prevented him from speaking to his attorney, as opposed to, for example, denial of a request made under the proper procedures. Merely alleging he informed Defendants of his need or desire to speak to his attorney, without specific allegations regarding the circumstances of his requests and what responsibilities or duties Defendants had in that regard and how or why they denied his requests, fails to state a claim because "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). In sum, the Complaint fails to allege facts supporting the conclusory allegation that the Defendants' failure to allow him to speak to his attorney caused an actual injury necessary to state an access to courts claim, but is the type of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim for relief. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

Because count two of the Complaint fails to state a § 1983 claim, the Court **GRANTS** Defendants' Motion to Dismiss count two of the Complaint. As set forth below, Plaintiff may file a First Amended Complaint to cure the pleading deficiencies identified above if he wishes to attempt to do so, or he may proceed only with count one of the Complaint. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

### B. Count Three fails to state a claim for relief

In count three Plaintiff claims his Eighth Amendment rights were violated by excessive cell temperature during the summer months and by three weeks where he was allowed out of his cell for 6-7 hours per week rather than the mandatory 10 hours per week, resulting in the denial of medication, showers, dayroom time and yard time. (ECF No. 1 at 9-11.) He alleges these deprivations have caused a worsening of his mental health including possible suicide and homicide attempts, and physical injuries including high blood pressure, chronic low back pain and a risk of stroke. (*Id*. at 9-10.) He claims that Defendant S. Knittman and his supervisor Defendant R. Katyal, as well as Defendant RJD EOP Scheduling Department, "are all liable" for those deprivations. (*Id*. at 9.) He also claims Defendant C. Tiscornia, by scheduling Plaintiff's law library passes during his yard time and refusing his request to change that schedule, is responsible for Plaintiff having to choose between yard time when he can exercise or time in the law library, the latter of which he needs for his more than twenty active legal cases. (*Id*. at 11.)

The Eighth Amendment's cruel and unusual punishments clause is violated when prison officials are deliberately indifferent to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 102-05 (1976). To establish deliberate indifference, Plaintiff must point to evidence in the record from which a trier of fact might reasonably conclude that Defendants placed him at risk of "objectively, sufficiently serious" harm, and that the Defendants acted with a "sufficiently culpable state of mind in allowing the deprivation

[complained of] to take place." *Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir. 1995). In order to show a prison official was deliberately indifferent to a substantial risk of harm, Plaintiff must show "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "[T]he Eighth Amendment proscribes 'the unnecessary and wanton infliction of pain,' which includes those sanctions that are 'so totally without penological justification that it results in the gratuitous infliction of suffering.'" *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982), overruled on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995), quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976).

Defendants contend Plaintiff has not alleged personal participation by them or a causal connection between their acts and his alleged injuries. With respect to Plaintiff's claim that the reduction in his out of cell time from 10 hours per week to 6 hours one week and 7 hours two other weeks amounts to an Eighth Amendment violation, he alleges "Richard J. Donovan mental health program the scheduling department plaintiff's clinician S. Knittman and his supervisor Katyal are all liable." (ECF No. 1 at 9.) He argues in his opposition he has stated a claim against Defendant Katyal for supervisor liability because he made her aware of his complaints though 602 inmate appeals and interviews with Defendant Knittman, which Defendant Katyal, as Defendant Knittman's supervisor, was required to review. (ECF No. 44 at 6.)

In order to state a claim for relief under 42 U.S.C. § 1983, Plaintiff must allege each defendant personally participated in the deprivation of his constitutional rights. *Iqbal*, 556 U.S. at 673; *Colwell v. Bannister,* 763 F.3d 1060, 1070 (9th Cir. 2014). Liability may not be imposed on supervisory personnel for the acts or omissions of their subordinates under a theory of respondeat superior. *Jones v. Williams,* 297 F.3d 930, 934 (9th Cir. 2002) ("There is no respondeat superior liability under section 1983.") Rather, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each

individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer*, 844 F.2d at 633.

As currently pleaded, the Complaint, by merely alleging Defendants Katyal, Knittman and RJD EOP Scheduling Department "are all liable" for the injuries Plaintiff allegedly sustained as a result of the elevated temperature in his cell during the summer months and the reduction in out of cell time by several hours during three weeks, which includes lack of access to showers and exercise time, does not state an Eighth Amendment claim for deliberate indifference to his physical, medical or mental health needs. *Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim for relief). Even were the Court to consider the allegation in his opposition to the motion to dismiss that he is seeking to hold Defendant Katyal liable as Defendant Knittman's supervisor, 42 U.S.C. § 1983 liability may not be imposed on supervisory personnel for the acts or omissions of their subordinates under the theory of respondeat superior. *Jones,* 297 F.3d at 934 ("There is no respondeat superior liability under section 1983.") Plaintiff does not allege that any Defendant in count three was legally required to see to it he had his full mandatory 10 hours of out of cell time per week, and does not allege *in the Complaint* that any Defendant was aware he was not receiving adequate out of cell time or aware it was causing him mental and physical injuries. His allegation that Defendants Knittman and Katyal should have been aware of his injuries through his inmate grievances is vague and conclusory, as there are no factual allegations regarding the contents of those grievances. The two Health Care Services Request Forms attached to the Complaint as Exhibit C (ECF No. 1 at 19-20), which Plaintiff argues shows he has a history of serious medical needs (*id*. at 9), do not show that any Defendant was made aware of a serious risk of harm from the reduction in out of cell time.

Plaintiff appears to contend the Defendants who are responsible for not allowing him his full 10 hours of out of cell time per week on three occasions are members of Defendant A-Yard #2 Staff or Defendant RJD EOP Scheduling Department, individual members of

which he plans on identifying through discovery, or that he has already identified them in his other civil rights actions filed in this Court of which the Court should take judicial notice. The Court may take judicial notice of other actions filed in this Court if they "have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Counsel v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Plaintiff's other civil rights cases involving the same Defendants are not relevant to whether he has adequately alleged they directly participated in the deprivation of his rights alleged in this case because "a court may look only at the face of the complaint to decide a motion to dismiss." *Van Buskirk*, 284 F.3d at 980. In order to hold Defendants liable, they must be named in the Complaint. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("It is well established that an individual is not bound by a judgment in personam resulting from litigation in which he is not named as a party."), citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969).

Even accepting Plaintiff's contention that he may be able to identity individual members of Defendants A-Yard #2 Staff and RJD EOP Scheduling Department through discovery, he has still failed to allege facts which, if proven, demonstrate that an individual who was legally required to see to it that he had his full mandatory 10 hours of out of cell time per week was responsible for the decrease in out of cell time and were aware the decrease in out of cell time did or could have caused serious mental or physical injuries yet deliberately ignored a substantial risk of such injuries. *Farmer*, 511 U.S. at 837 (holding that prisoner must allege "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that substantial risk of serious harm exists, and he must also draw the inference.") He has not alleged that any Defendant named in the Complaint, even if they placed him at risk of "objectively, sufficiently serious" harm through the decrease in out of cell time, acted with a "sufficiently culpable state of mind" in doing so. *Wallis*, 70 F.3d at 1076.

The final aspect of count three alleges Plaintiff was denied his Eighth Amendment right of access to the courts because Defendant RJD Law Library Clerk Tiscornia

scheduled his law library time at the same time as his yard time and denied his requests to reschedule. (ECF No. 1 at 10-11.) He claims it required him to choose between yard time and law library time, which interfered with his litigation of his "over 20 active . . . appeals and civil actions," and contributed to his physical and mental injuries which arose from his lack of outdoor exercise time. (*Id*.) Such allegations fail to state a First Amendment access to courts claim for the same reason set forth above in count two, namely, there are no non-conclusory allegations of actual injury such as the loss of a non-frivolous claim.

Plaintiff states in the Complaint and in his opposition to the motion to dismiss that he is not alleging a First Amendment access to courts claim in count three but an Eighth Amendment claim based on being forced to choose between law library time and outdoor exercise time, which has caused or contributed to the mental and physical injuries he has suffered as a result of inadequate outdoor exercise time. (ECF No. 1 at 9-11; ECF No. 44 at 8.) This aspect of his Eighth Amendment claim fails to state a claim because Plaintiff's allegation against the only Defendant identified as causing him to make that choice, Defendant Tiscornia, does not alleged he had the authority to allow Plaintiff to visit the law library at times other than his scheduled yard time. "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act *which he is legally required to do* that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis added). Even to the extent a liberal construction of the allegation that Plaintiff asked Defendant Tiscornia to change his schedule but he refused can be read as alleging he had the authority to do so, Plaintiff does not allege Defendant Tiscornia knew of and deliberately disregarded a serious risk of harm to Plaintiff by scheduling his yard time and law library time at the same time. *Farmer*, 511 U.S. at 837 (holding that prisoner must allege "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that substantial risk of serious harm exists, and he must also draw the inference.") Plaintiff has not alleged facts which, if

proven, show that Defendant Tiscornia failed to perform an act he was legally required to perform when he allegedly refused Plaintiff's request to make that change, or that he did so knowing it posed a risk of serious harm to Plaintiff.

Because count three does not state a § 1983 claim, the Court **GRANTS** Defendants' Motion to Dismiss count three of the Complaint. As set forth below, Plaintiff may file an amended complaint in an attempt to cure these pleading deficiencies if he wishes to do so, or he may proceed only with count one of the Complaint.

## V. Unserved Defendants

The Complaint was filed nearly one and one-half years ago and Plaintiff has failed to serve Defendants A-Yard Building #2 Staff Corrections Officers, RJD Litigation Department Litigation Coordinators, and RJD EOP Scheduling Department Mental Health Care Scheduling Department. The summons for these three Defendants were returned unexecuted by the United States Marshal after the Defendants were unable to be located with the information provided by Plaintiff. (ECF Nos. 31, 34, 35.) Because the time limit to serve these Defendants under Federal Civil Procedure Rule 4(m) has expired, dismissal without prejudice is appropriate. *See Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (holding that where pro se plaintiff failed to provide United States Marshal with sufficient information to effect service the district court may dismiss unserved defendants under Fed.R.Civ.P. Rule 4(m)), overruled on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995). Accordingly, the unserved Defendants A-Yard Building #2 Staff Corrections Officers, RJD Litigation Department Litigation Coordinators, and RJD EOP Scheduling Department Mental Health Care Scheduling Department are **DISMISSED** without prejudice.

## VI. Conclusion and Orders

For all the reasons discussed, the Court:

1) **GRANTS** the Motion to Dismiss by Defendants Bagnol, Knittman, Tiscornia, Lewis, Navarro, Katyal and Garsilaso [ECF No. 39] as well as the Joinder to the Motion to Dismiss by Defendants Estrada and Hall [ECF No. 50], and **DISMISSES** counts two and

three of the Complaint without prejudice against Defendants Bagnol, Knittman, Tiscornia, Lewis, Navarro, Katyal, Garsilaso, Estrada and Hall pursuant to FED. R. CIV. P. 12(b)(6);

2) **DISMISSES** without prejudice unserved Defendants A-Yard Building #2 Staff Corrections Officers, RJD Litigation Department Litigation Coordinators, and RJD EOP Scheduling Department Mental Health Care Scheduling Department pursuant to Fed.Civ.P. Rule 4(m) for lack of timely service; and

3) **GRANTS** Plaintiff leave to file a First Amended Complaint within forty-five (45) days of the date this Order is filed. Plaintiff is cautioned that if he does not file a First Amended Complaint within forty-five (45) days of the date this Order is filed or show good cause for an extension of time to amend prior to the expiration of the time to amend, the Court will proceed with this action on count one of the Complaint only. Should Plaintiff choose to file a First Amended Complaint, it must be complete in and of itself, comply with Federal Rule of Civil Procedure 8(a), and any claim not re-alleged or any Defendant not re-named will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc.*, 896 F.2d at 1546 ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County,* 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

**IT IS SO ORDERED**.

Dated: February 10, 2020

Hon. Dana M. Sabraw
United States District Judge