UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS, CDCR #AG-2394,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER O. NAVARRO, N.A. GARSILASO, E. ESTRADA, C. BAGNOL, F. LEWIS, L. HALL, R. KATYAL, S. KNITTMAN, C. TISCORNIA,<br><br>Defendants. | Case No.: 3:18-cv-01318-DMS-RBM<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION TO STAY; AND**<br><br>**(2) GRANTING PLAINTIFF AN ADDITIONAL NINETY (90) DAYS OF LEAVE TO FILE A FIRST AMENDED COMPLAINT**<br><br>**[Doc. 59]** |

## I.   INTRODUCTION

Lance Williams ("Plaintiff"), a California prisoner proceeding pro se and *in forma pauperis*, filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against several staff members at the Richard J. Donovan Correctional Facility ("RJD") in San Diego. (*See generally* Docs. 1, 17.) Liberally construing Plaintiff's June 10, 2020 filing, it is a Motion

1

to Stay Proceedings ("Motion to Stay") for sixty (60) days. (Doc. 59.) For the reasons outlined below, the Motion to Stay is **DENIED**, however, the Court *sua sponte* **GRANTS** Plaintiff an additional ninety (90) days of leave to file a First Amended Complaint. Plaintiff is **CAUTIONED** that any further extensions to file a First Amended Complaint **will not be granted** absent a showing of good cause.

## II.     PROCEDURAL BACKGROUND

Notably, the instant Motion to Stay is duplicative of Plaintiff's May 15, 2020 filing, which the undersigned construed as a Motion to Stay Proceedings for thirty (30) days. (*Compare* Doc. 56 *with* Doc. 59.) The Court's May 21, 2020 Order denied the initial Motion to Stay but *sua sponte* granted Plaintiff an additional thirty (30) days of leave to file a First Amended Complaint. (Doc. 57.) The procedural background in the Court's May 21, 2020 Order is incorporated below.

Defendants C. Bagnol, S. Knittman, C. Tiscornia, F. Lewis, O. Navarro, R. Katyal, N. Garsilaso, E. Estrada, and L. Hall (collectively "Defendants") filed a Motion to Dismiss Counts Two and Three of Plaintiff's Complaint. (Docs. 39, 50.) On February 10, 2020, the Court issued an order granting Defendants' Motion to Dismiss, dismissing Counts Two and Three, and dismissing Defendants A-Yard Building #2 Staff Corrections Officers, RJD Litigation Department Litigation Coordinators, and RJD EOP Scheduling Department Mental Health Care Scheduling Department for lack of timely service. (Doc. 52.) The Court also granted Plaintiff leave to file a First Amended Complaint up through March 26, 2020. (*Id.* at 19.) The Court cautioned Plaintiff that "if he does not file a First Amended Complaint [by March 26, 2020] or show good cause for an extension of time to amend prior to expiration of the time to amend, the Court will proceed with this action on [C]ount [O]ne of the Complaint only." (*Id.*) Count One alleges a violation of Plaintiff's Eighth Amendment rights when he was not released from his cell to shower and obtain prescription medication on sixteen occasions, retaliated against for his use of the inmate grievance system, and intentionally hit by his cell door and denied medical care for the resultant injuries. (Doc. 1 at 5-7.)

Over two weeks after the time to file a First Amended Complaint expired, Plaintiff filed a Motion for Extension of Time. (Doc. 54.) The undersigned granted Plaintiff an extension through June 1, 2020, to file an amended complaint. (Doc. 55.) As outlined above, Plaintiff then filed a Motion to Stay the case for thirty (30) days to allow the parties an opportunity to engage in settlement discussions. (Doc. 56.) The Court denied the Motion to Stay but *sua sponte* granted Plaintiff additional time to file a First Amended Complaint. (Doc. 57.)

### III.   DISCUSSION

Plaintiff's instant Motion to Stay offers no new facts or law to establish the necessity of staying the case for sixty days. (Doc. 59.)

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. However, "[t]he proponent of a stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708; *see also Roberts v. Beard*, No. 15cv104-WQH-PCL, 2017 U.S. Dist. LEXIS 113388, at *6 (S.D. Cal. July 19, 2017) (denying pro se inmate's motion to stay in Section 1983 action); *Turner v. San Diego Cent. Jail*, No. 13cv1133-WQH-BGS, 2013 U.S. Dist. LEXIS 165901, at *4–*6 (S.D. Cal. Nov. 19, 2013) (denying pro se inmate's motion to stay in Section 1983 action for failure to establish its necessity).

Here, Plaintiff has not met his burden in establishing the necessity of a stay. *Clinton*, 520 U.S. at 708; *Roberts*, 2017 U.S. Dist. LEXIS 113388, at *6; *Turner*, 2013 U.S. Dist. LEXIS 165901, at *4–*6. In contrast, Plaintiff merely requests a stay to allow the parties time to engage in a "post-screening [alternative dispute resolution] pilot project." (Doc. 59 at 1.) While Plaintiff claims a stay will "resolve this case more expeditiously and less expensively for [the] [S]tate," the Court also has an obligation to promote the just, efficient and economical determination of every action and proceeding." (Doc. 59 at 1); *see also*

CivLR 1.1(c). This case has been in the initial pleading stage since **June 2018**. (*See* Doc. 1.) Plaintiff has been given the option to proceed on Count One of his Complaint or file a First Amended Complaint by **June 22, 2020**. (Docs. 52, 55, 57.) Granting a stay at this time will only serve to further protract the initial pleading stage which has been ongoing for the past two years. At the same time, however, the Court is cognizant of the ongoing COVID-19 pandemic and movement restriction guidelines applicable to inmates at California Department of Corrections and Rehabilitation facilities. As such, the Court *sua sponte* grants Plaintiff an additional ninety (90) days of leave to file a First Amended Complaint.

Finally, to the extent Plaintiff requests the Court to set a settlement disposition conference, the Court declines to do so at this time. It is presently unclear whether Plaintiff will proceed on Count One of his Complaint or file a First Amended Complaint. As such, a Court-initiated settlement conference is premature.

## IV.   CONCLUSION

Accordingly, the Court:

(1)   **DENIES** Plaintiff's Motion to Stay; and

(2)   **GRANTS** Plaintiff an extension of time to file a First Amended Complaint. Plaintiff may file a First Amended Complaint within ninety (90) days of the date this Order is filed. Plaintiff is **CAUTIONED** that **if he does not file a First Amended Complaint within ninety (90) days of the date this Order is filed** or show good cause for an extension of time to amend prior to the expiration of the time to amend, **the Court will proceed with this action on Count One of the Complaint only**. Should Plaintiff choose to file a First Amended Complaint, it must be complete in and of itself, comply with Federal Rule of Civil Procedure 8(a), and any claim not re-alleged or any Defendant not re-named will be considered waived. *See* CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Fiender & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Co.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims

dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

**IT IS SO ORDERED**.

DATE: June 17, 2020

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE