1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

LANCE WILLIAMS,
CDCR #AG-2344,

Plaintiff,

vs.

O. NAVARRO, N. A. GARSILASO,
E. ESTRADA, C. BAGNOL,
F. LEWIS, L. HALL, DR. R. KATYAL,
DR. S. KRITTMAN, C. TISCORNIA,
CONNIE, McGUIRRE, DR. D. LAFLER,
A. SOTO, T. BYRD-HUNT, A. RUELES,
M. RODRIGUEZ and J. MEJIA,

Defendants.

Case No.:  18cv1318-DMS (RBM)

**ORDER:**

**(1)  GRANTING DEFENDANTS'
MOTION TO DISMISS PURSUANT
TO Fed. R. Civ. P. 12(b)(6); and**

**(2)  DISMISSING COUNT TWO AND
PORTIONS OF COUNTS ONE AND
THREE OF THE FIRST AMENDED
COMPLAINT WITH PREJUDICE**

Lance Williams ("Plaintiff") is a California prisoner proceeding pro se and in forma pauperis with a First Amended Complaint ("FAC") pursuant to 42 U.S.C. § 1983.  (ECF No. 61.)  Plaintiff claims that while housed at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, his: (1) Eighth Amendment rights were violated when he was not released from his cell to shower or obtain prescription medication on several occasions and was intentionally hit by his cell door and denied medical care for the injury, and his First Amendment rights were violated when he was retaliated against for use of the

inmate grievance system (count one); (2) his First Amendment right of access to the courts and his Fourteenth Amendment right to due process were violated when he was not allowed to telephone his attorney (count two); and (3) his Eighth Amendment rights were violated when he was denied adequate time out of his cell and denied medical and mental health care, and his First Amendment right of access to the courts was denied when he was forced to choose between spending his limited time out of his cell on the exercise yard or in the law library (count three).  (*Id.* at 5-19.)

Nine of the seventeen named Defendants, C. Bagnol, E. Estrada, Dr. S. Krittman, C. Tiscornia, F. Lewis, O. Navarro, L. Hall, Dr. R. Katyal and N.A. Garsilaso, the only Defendants to have been served with a summons, have filed a Motion to Dismiss portions of the FAC pursuant to FED. R. CIV. P. 12(b)(6).  (ECF No. 65.)  They seek dismissal of the denial of showers aspect of the Eighth Amendment conditions of confinement claim in count one, the First Amendment access to courts claims in counts two and three, and the Fourteenth Amendment due process claim in counts two and three.  (ECF No. 65.)  Plaintiff has filed an Opposition (ECF No. 69) and Defendants a Reply.  (ECF No. 71.)

As set forth herein, the Court **GRANTS** Defendants' Motion to Dismiss and **DISMISSES** the denial of showers aspect of the Eighth Amendment claim in count one, the First Amendment access to courts claims in counts two and three, and the Fourteenth Amendment due process claim in counts two and three.  Because it is clear further leave to amend would be futile as to these claims, the dismissals are with prejudice, and this matter will proceed with the remaining claims in the FAC.[1]

## I.   Background

Plaintiff initiated this action by filing a Complaint on June 18, 2018.  (ECF No. 1.) On August 1, 2019, the seven Defendants served with the summons and Complaint filed a

---

[1]  Although the motion was referred to United States Magistrate Judge Montenegro pursuant to 28 U.S.C. § 636(b)(1)(B), the Court has determined that neither oral argument nor a Report and Recommendation is needed for its disposition. S.D. Cal. Civ.L.R. 72.1(d).

motion to dismiss counts two and three of the original Complaint.  (ECF No. 39.)  Plaintiff thereafter served two additional Defendants.  (ECF Nos. 48-49.)  On November 20, 2019, those Defendants filed a joinder in the motion to dismiss.  (ECF No. 50.)

On February 20, 2020, the Court granted the motion to dismiss and dismissed counts two and three of the Complaint with leave to amend.  (ECF No. 52.)  Plaintiff filed the FAC on June 25, 2020, naming eight additional Defendants.  (ECF No. 61.)  The same nine Defendants who were parties to the initial motion to dismiss filed the instant Motion to Dismiss on July 22, 2020.  (ECF No. 65.)  Plaintiff filed an Opposition on September 8, 2020 (ECF No. 69), and Defendants filed a Reply on September 29, 2020.  (ECF No. 71.)

## II.   Allegations in the FAC

In count one of the FAC, Plaintiff claims a violation of his Eighth Amendment right to be free from the excessive use of force, from deliberate indifference to his medical needs, and from the deprivation of the basic necessities of life.  (ECF No. 61 at 6.)  He alleges that "everything stated in this cause of action is a result of being placed on loss of privileges" from May 20, 2018 until July 26, 2018.  (*Id*. at 6, 9.)  He alleges that on May 20, 2018, Defendant RJD Correctional Officer O. Navarro "began his campaign of harassment" by refusing to release him from his cell to obtain prescribed medication at the 3:00 p.m. and 8:00 p.m. "med-pass time," and did so again on May 21, 22, 26, 27, 28, 30 and 31, and June 6 and 7, 2018.  (*Id*.)  On June 3, 2018, a "man down call" he made due to migraines and a nose bleed was ignored.  (*Id*.)  Defendant Navarro hit him in the head with his cell door the next day, knocking him down and injuring his neck and shoulder, refused medical attention for that injury, and refused to let him out of his cell for his 8:00 p.m. medication.  (*Id*.)  He alleges Defendant Navarro works in the control booth from where he can open or close cell doors.  (*Id*. at 2.)

Plaintiff alleges he was denied an opportunity to shower on May 22, 24, 27 and 31, and June 2-5 and 7, 2018, and as a result developed rashes and fungus on his feet and groin.  (*Id*. at 6-7.)  He states Defendant RJD Correctional Officer Bagnol "also conducted the same type of activity" as Defendant Navarro, working in the control booth and not allowing

him out of his cell for medication and showers on June 1 and 2, 2018. (*Id.* at 7.) On June 8, 2018, Plaintiff banged on his door for an hour requesting medication, and when Defendant RJD Correctional Officer Garsilaso delivered mail to his cell he showed him the bloody towel used for the nosebleed he needed treatment for, but Defendant Garsilaso said: "write a 602 [inmate grievance], don't you always do that anyway," and walked away. (*Id.*) When he was let out for 8:00 p.m. medication that evening he asked Defendant Bagnol why he was not released for 3:00 p.m. medication, to which he responded: "nurse T. Briseo told him not to let me out that I don't have anything to get." (*Id.*) Plaintiff states that Nurse Briseo denied saying that to Defendant Bagnol and had in fact told Defendant Bagnol that Plaintiff "has a P.R.N. migration medication and a psych medication he can take if he wanted it and to let him out if he wanted it." (*Id.*) Plaintiff alleges Defendant RJD Correctional Officer Estrada "was well aware of plaintiff not being let out for his medication and his man down calls and she chose to do nothing about it." (*Id.*)

Plaintiff alleges that on June 8, 2018, he received a falsified and fabricated Rules Violation Report ("RVR") by Defendant Navarro, attached as Exhibit A to the FAC, which charged him with the use of disrespectful language when Defendant Navarro let him out of his cell for medication at 8:32 p.m. on June 4, 2018. (*Id.* at 8, 24-25.) He alleges Defendant Navarro filed the RVR in retaliation for Plaintiff filing numerous inmate grievances regarding the campaign of harassment and to discourage him from complaining about being hit by his cell door. (*Id.* at 8.) On June 12, 2018, Defendant Navarro allegedly pointed a mini-14 assault weapon at Plaintiff and said: "If you put another appeal in that box or I get wind of any lawsuits I'll blow you away." (*Id.*)

In count two of the FAC, Plaintiff claims a violation of his First Amendment right of access to the courts based on the denial of telephone contact with his attorney, which he also claims created an atypical and significant hardship so as to amount to a violation of his Fourteenth Amendment right to due process. (*Id.* at 9.) He states that during the "loss of privileges" period from May 20, 2018 to July 26, 2018, which was a result of a false RVR, he "was deprived of the ability to make legal calls which included his attorney Paul

R. Martin for an active criminal appeal case involving plaintiff's illegal incarceration case no. LA061501, he was also deprived of legal calls for his civil actions case no.'s 3:18-cv-01006-AJA-JMA, 2:18-cv-0074-CRM-(p.c.), 2:17-cv-1884-TLN-DB, 3:18-cv-01581-WQH-KSC, 3:17-cv-02345-MMA-JLB, 3:18-cv-00547-LAB-MDD and habeas corpus case no.'s 2:18-cv-02841-DB-P, and for cases LA070629 and his commitment offense case LA075334." (*Id.*) Plaintiff asked staff if his restriction on using the telephone also applied to legal calls to his attorney and was told to talk to Defendant RJD Correctional Officer Lewis. (*Id.*) Plaintiff told Defendant Lewis he needed to telephone his attorney "because no other means can suffice not writing not visiting because his attorney is too far away and is old and can't write good and can't read plaintiff's writing." (*Id.*) Defendant Lewis told Plaintiff he "doesn't do that," that it is the counselor's job, and he would refer the matter to Plaintiff's counselor Defendant RJD Correctional Officer Hall and he should talk to her. (*Id.*) After Defendant Hall told him she had not been told anything about it he went back to Defendant Lewis who told him to "stop bugging me before I put you in the hole and go talk to [Defendant Hall]." (*Id.*) Defendant Hall then told Plaintiff "that's not her job and she isn't doing shit and fuck your attorney and your case and do what you got to do file a 602 [inmate grievance] don't you do that anyway and get out of my office before I put you in the hole for making a threat." (*Id.*) He alleges he informed RJD Correctional Officer Estacio of the situation, who told him to contact the litigation department. (*Id.* at 10.) Defendant RJD Litigation Coordinator Connie told him she would make arrangements for Defendant RJD Litigation Coordinator McGuirre to provide access to his attorney on a regular basis, but Defendant McGuirre never did so. (*Id.*) He alleges he filed inmate appeals on the issue every day from May 20, 2018 to July 26, 2018, and that for a period of 40 days during that period when he asked permission to call his attorney Defendant RJD Correctional Officer T. Byrd-Hunt threatened to spray him with pepper-spray if he tried, Defendant RJD Correctional Officer Estrada told him she would beat him with her baton if he tried, Defendant RJD Correctional Officer M. Rodriquez threatened to have Defendant Navarro shoot Plaintiff if he tried to use the phone because it was out of bounds,

Defendant RJD Correctional Officer A. Soto made a vulgar remark, Defendant RJD Correctional Officer A. Rueles pulled his pepper spray, Defendant Bagnol would not let him use the telephone, and Defendant Navarro made daily threats if he was seen anywhere near the telephone or asked to use it. (*Id.* at 10-11.) He alleges all those Defendants were aware that visitation with and writing to his attorney were not viable alternatives, and had all been informed through Plaintiff's successful inmate grievance he was allowed to use the telephone to call his attorney. (*Id.*) He claims that as a result he has suffered atypical and significant hardships when his attorney abandoned him and he was unable to hire a new attorney, and because he has been falsely imprisoned longer than he otherwise would have been. (*Id.* at 11-12.)

In count three Plaintiff claims a violation of his Eighth Amendment right to be free from cruel and unusual punishment and his First Amendment right of access to the courts. (*Id.* at 13.) He alleges the loss of privileges period was a result of a campaign of harassment against him which resulted in less than his mandatory 10 hours of out of cell time per week. (*Id.*) He states he is classified at RJD in the Enhanced Outpatient Program with a history of suicide attempts, and the reduction of out of cell time from 10 hours per week to 6 hours one week and 7 hours two other weeks caused a deterioration of his mental health and physical injuries arising from sensory deprivation, aggravated by the temperature in his cell in excess of one hundred degrees in the summer months, which includes high blood pressure, chronic low back pain, a risk of stroke, possible suicide and homicide attempts, as well as the denial of medication, showers, dayroom time, yard time, and having to choose between exercise time or law library time. (*Id.* at 13-14.) He states that Defendant RJD Clinical Case Manager Dr. Krittman and his supervisor Defendant RJD Senior Clinical Psychologist Dr. Katyal told him they would see to it that he got his out of cell time but failed to do so, and Defendant Dr. Katyal said there was nothing she could do to force Defendant Navarro to let Plaintiff out of his cell. (*Id.*) He alleges those Defendants were aware his mental health condition necessitated time out of his cell because he filed an inmate grievance against them about a year previously, and that all Defendants were aware

he suffered from mental health issues which were exacerbated by the denial of time out of his cell for exercise and showers, as well as denial of time in the law library which caused him to lose legal cases.  (*Id.* at 14-18.)  He alleges Defendant Lewis and Defendant RJD Law Library Clerk Tiscornia are responsible for Plaintiff having to choose between exercise time or time in the law library needed for his active legal cases because Defendant Lewis told him that is the RJD policy with respect to inmates on loss of privileges and because Defendant Tiscornia is the only person authorized to issue law library passes.  (*Id.* at 16-19.)  He alleges he suffered an actual injury as a result of having to choose between exercise time or time in the law library by having cases:

> lost or dismissed, . . . citing his petitions or cases were untimely, Williams v. Beunrostro, No. 3:17-cv-2345-MMA-JLB, Williams v. Paramo, et al., 3:18cv2596-MMA-BLM, Williams v. Gonzalez, P. Castro/Sgt. Keener, 3:18-cv-1006-AJB-JMA, plaintiff was locked out of discovery process being denied two motions to compel – for these two cases Williams v. D. Just, et. al., 3:18-cv-0740-MCE-DMS, Williams v. Romero, et al., 2:17-cv-1884-TLN-DB, plaintiff couldn't meet deadlines for habeas corpus Williams v. Scott Kernan, No. 2:18-cv-2841-DB, Williams v. Ralph Diaz, No. 2:19-cv-9816-PA-KK the habeas corpus for Superior Court Case No. LA075334 which is plaintiff's commitment offense this is causing plaintiff a atypical and significant hardship not being able to invalidate a illegal conviction . . . plaintiff wasn't able to file a habeas corpus to challenge his case LA070629 after he had his Writ of Mandate/Corum Nobis dismissed on case for not meeting deadline on case.

(*Id.* at 16-17.)  Plaintiff alleges Defendant RJD Clinical Psychologist Dr. D. Lafler had the authority to prevent those harmful conditions of confinement but failed to do so.  (*Id.*)

## II.    Legal Standards

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim."  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Because Rule 12(b)(6) focuses on the "sufficiency" of a claim rather than the claim's substantive merits, "a court may look only at the face of the complaint to decide a motion to dismiss." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

/ / /

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007).  "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  The Court need not accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (a court is "not bound to accept as true a legal conclusion couched as a factual allegation.")

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678, quoting *Twombly*, 550 U.S. at 556.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.*, quoting *Twombly*, 550 U.S. at 557.  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009), quoting *Iqbal*, 556 U.S. at 678.

"In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  The rule, however, "applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989).  Courts "may not supply essential elements of

18cv1318-DMS (RBM)

claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

## III. Discussion

Defendants Bagnol, Estrada, Krittman, Tiscornia, Lewis, Navarro, Hall, Katyal and Garsilaso move to dismiss: (1) the Eighth Amendment conditions of confinement claim in count one with respect to the denial of showers, (2) the First Amendment access to courts claim in count two based on Plaintiff's inability to telephone his attorney, and in count three based on having to choose between exercise time and law library time, and (3) the Fourteenth Amendment due process claim in count two based on the allegation Plaintiff was subjected to atypical and significant hardships by the inability to contact his attorney. (ECF No. 65.)

### A. Denial of showers

Plaintiff claims in count one of the FAC a violation of his Eighth Amendment right to be free from the deprivation of life's basic necessities and from deliberate indifference to his medical needs, including, as relevant here, that he was denied the opportunity to shower which caused him to develop rashes and fungus on his feet and groin. (ECF No. 61 at 6-7.) The first two pages of count one in the FAC consist of a single sentence with unusual punctuation, and with respect to denial of showers it states:

> . . . , on 5-22-18, 5-27-18, 6-3-18, 6-4-18, 6-5-18, 5-24-18, 5-31-18, 6-2-18, 6-7-18 plaintiff was denied opportunity to shower on the only days RJD inmates in building 2 can shower Tuesdays, Thursdays, Saturday and Sundays plaintiff has developed numerous rashes and funguses and on feet and – groin area, Officer Bagnol also conducted the same type of activity on days he worked the control booth not letting Plaintiff out for showers or 3pm or 8pm medication which were on 6-1-18 6-2-18 . . .

(*Id*. at 6-7.)

Plaintiff states in count three of the FAC that he placed Defendants on notice of his lack of adequate out of cell time, including showers, through inmate grievances (*id*. at 14), attached to the FAC as Exhibit D. (*Id*. at 85-102.) Those documents show he complained

that the conditions of confinement during his loss of privileges period were incompatible with his mental health treatment, but there is no reference to denial of showers.

Defendants seek dismissal of the denial of showers aspect of the Eighth Amendment conditions of confinement claim in count one contending the FAC does not allege who denied Plaintiff access to showers.  (ECF No. 65 at 6-7.)  They argue that even if the FAC could be amended to identify those Defendants, the quoted section above indicates Plaintiff admits he was allowed to shower four days a week, and Defendants argue they could not have been aware that being allowed to shower more than every other day could have caused an objectively serious risk to Plaintiff's health or safety.  (*Id.*)

Plaintiff argues in opposition that Defendants misread the FAC as stating he was allowed to shower every four days, when in fact it alleges he was denied showers on the four days each week they were available.  (ECF No. 69 at 1.)  He contends the FAC alleges personal participation by Defendants Navarro and Bagnol because they were in the control booth and able to open his cell door to allow him out to shower, and they intentionally skipped opening his cell door on the days showers were available as part of their campaign of harassment.  (*Id*. at 1-2.)  Defendants reply that four days without showering is constitutionally insignificant.  (ECF No. 71 at 1-2.)

The Eighth Amendment's cruel and unusual punishments clause is violated when prison officials are deliberately indifferent to a prisoner's serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 102-05 (1976).  To establish deliberate indifference, Plaintiff must point to evidence in the record from which a trier of fact might reasonably conclude that Defendants placed him at risk of "objectively, sufficiently serious" harm, and that the Defendants acted with a "sufficiently culpable state of mind in allowing the deprivation [complained of] to take place."  *Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir. 1995).  In order to show a prison official was deliberately indifferent to a substantial risk of harm, Plaintiff must show "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."

*Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  "[T]he Eighth Amendment proscribes 'the unnecessary and wanton infliction of pain,' which includes those sanctions that are 'so totally without penological justification that it results in the gratuitous infliction of suffering.'"  *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982), overruled on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995), quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976).

In order to state a claim for relief under 42 U.S.C. § 1983, Plaintiff must allege each defendant personally participated in the deprivation of his constitutional rights.  *Iqbal*, 556 U.S. at 673; *Colwell v. Bannister,* 763 F.3d 1060, 1070 (9th Cir. 2014).  Liability may not be imposed on supervisory personnel for the acts or omissions of their subordinates under a theory of respondeat superior.  *Jones v. Williams,* 297 F.3d 930, 934 (9th Cir. 2002) ("There is no respondeat superior liability under section 1983.")  Rather, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

Plaintiff's allegation that Defendants Bagnol and Navarro are liable simply because they were working in the control booth and could have opened his cell door to allow him out to shower does not plausibly allege those Defendants were authorized to open his cell door to allow him to shower but refused to do so notwithstanding their duties and responsibilities in that regard.  In addition, the FAC alleges Plaintiff was denied an opportunity to shower on 10 occasions from Tuesday, May 22, 2018 to Thursday, June 7, 2018.  (ECF No. 61 at 6-7.)  With showers available on Tuesday, Thursday, Saturday and Sunday, those dates indicate he went without showers for a period of four days, then two days, and then eight days.  There are no factual allegations that any Defendant was aware that depriving Plaintiff of the opportunity to shower on those occasions posed a serious risk to his health.  *See Farmer*, 511 U.S. at 837 (holding that prisoner must allege "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that substantial risk of

serious harm exists, and he must also draw the inference."); *Anderson v. County of Kern*, 45 F.3d 1310, 1315 (9th Cir. 1995) (finding that temporary unsanitary limitations do not violate constitutional rights); *see e.g., McFarland v. Kullojka*, 2019 WL 937237, at \*5 (W.D. Wash., Jan. 30, 2019) (finding deprivation of showers for eight days is upsetting but not "sufficiently serious to implicate Eighth Amendment concerns."); *Centeno v. Wilson*, 2011 WL 836747, at \* 3 (E.D. Cal., Mar. 4. 2011) (concluding that denial of showers for seven days "is not so extreme as to violate contemporary standards of decency and rise to the level of a constitutional violation.")  The FAC does not plausibly allege any Defendant placed Plaintiff at risk of "objectively, sufficiently serious" harm by failing to release him from his cell to provide him an opportunity to shower or acted with a "sufficiently culpable state of mind" in doing so.  *Wallis*, 70 F.3d at 1076.

The Court **GRANTS** Defendants' Motion to Dismiss the denial of access to showers aspect of Plaintiff's Eighth Amendment conditions of confinement claim.  Plaintiff was previously informed of these same pleading deficiencies in the Court's February 10, 2020 Order granting Defendants' first motion to dismiss and was granted leave to amend to attempt to cure them.  (ECF No. 52 at 15-16.)  Because Plaintiff has been advised of the requirements for stating such a claim and has failed to do so, and because it is clear he is unable or unwilling to satisfy those pleading standards, the dismissal is with prejudice and without further leave to amend.

### B.    Access to Courts

Plaintiff alleges in count two of the FAC that his First Amendment right of access to courts was violated when numerous requests to speak to his attorney on the telephone were denied during the 67-day "loss of privileges" period he suffered from May 20, 2018 to July 26, 2018, during which he was actively litigating three criminal and seven civil cases.  (ECF No. 61 at 9.)  He alleges in count three he was required to choose between exercising and spending time in the law library during the time he was released from his cell and identifies three additional civil cases he contends were "lost or dismissed" or which he had his efforts to litigate frustrated.  (*Id*. at 13-19.)  He claims that as a result he was

abandoned by his attorney, unable to hire a new attorney, and falsely imprisoned longer than he would have because he was unable to overturn his conviction.  (*Id*.)  He further alleges that while he was on "loss of privileges" from May 20, 2018 to July 26, 2018 as a result of a false RVR, his attorney Paul R. Martin was representing him in an active criminal appeal, which he identifies as "case no. LA061501," and he was "deprived of legal calls for his civil actions case no.'s 3:18-cv-01006-AJB-JMA, 2:18-cv-0074-CRM-(p.c.), 2:17-cv-1884-TLN-DB, 3:18-cv-01581-WQH-KSC, 3:17-cv-02345-MMA-JLB, 3:18-cv-00547-LAB-MDD and habeas corpus case no.'s 2:18-cv-02841-DB-P, and for cases LA070629 and his commitment offense case LA075334." (*Id*. at 9.)  Plaintiff alleges he told Defendant Lewis he needed to telephone his attorney "because no other means can suffice not writing not visiting because his attorney is too far away and is old and can't write good and can't read plaintiff's writing." (*Id*.)

Plaintiff claims in count three he suffered actual injury as a result of having to choose between exercise time or time in the law library during the time he was out of his cell by having cases "lost or dismissed, . . . citing his petitions or cases were untimely, Williams v. Beunrostro, No. 3:17-cv-2345-MMA-JLB, Williams v. Paramo, et al., 3:18cv2596-MMA-BLM, Williams v. Gonzalez, P. Castro/Sgt. Keener, 3:18-cv-1006-AJB-JMA, plaintiff was locked out of discovery process being denied two motions to compel – for these two cases Williams v. D. Just, et. al., 3:18-cv-0740-MCE-DMS, Williams v. Romero, et al., 2:17-cv-1884-TLN-DB, plaintiff couldn't meet deadlines for habeas corpus Williams v. Scott Kernan, No. 2:18-cv-2841-DB, Williams v. Ralph Diaz, No. 2:19-cv-9816-PA-KK the habeas corpus for Superior Court Case No. LA075334 which is plaintiff's commitment offense this is causing plaintiff a atypical and significant hardship not being able to invalidate a illegal conviction . . . plaintiff wasn't able to file a habeas corpus to challenge his case LA070629 after he had his Writ of Mandate/Corum Nobis dismissed on case for not meeting deadline on case." (*Id*. at 16-17.)

Plaintiff attaches as Exhibit B to the FAC a letter from attorney Martin authorizing Plaintiff to telephone him. (*Id*. at 27.)  Exhibit B also includes inmate appeals demanding

he be allowed to telephone his attorney anytime he wishes on Monday through Sunday from 8:00 a.m. to 9:30 p.m., to which he received a response that he had been previously told he is free to write to his attorney and his attorney is free to visit him.  (*Id*. at 27-41.) Although the FAC alleges several Defendants reacted in a hostile manner when Plaintiff asked to telephone his attorney, the inmate grievance states those Defendants reacted in a hostile manner when Plaintiff demanded to be able to call his attorney anytime he wished. (*Id*. at 9-11, 33.)

Defendants argue Plaintiff has failed to state a First Amendment access to courts claim because he has not alleged specific facts showing he suffered an actual injury, but instead has merely presented vague and conclusory allegations of interference with his pending cases, and requests the Court take judicial notice of the docket sheets of the cases referenced in the FAC.  (*Id*. at 7-9.)  The Court may take judicial notice of court actions if they "have a direct relation to matters at issue."  *United States ex rel. Robinson Rancheria Citizens Counsel v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

The cases Defendants refer to and their arguments regarding a lack of actual injury include: (1) *Williams v. Beunrostro*, 17cv2345-MMA (JLB) (S.D. Cal.), in which summary judgment was granted after Plaintiff was given notice of the motion and timely filed an opposition; (2) *Williams v. Gonzalez*, 18cv1006-AJB (JMA) (S.D. Cal.), which was dismissed without prejudice for failure to pay the filing fee; (3) *Williams v. Paramo*, 17cv2596-MMA (BLM) (S.D. Cal.), also dismissed without prejudice for failure to pay the filing fee; (4) *Williams v. Just*, 18cv0740-MCE (DMS) (E.D. Cal.), in which Plaintiff claims he was locked out of discovery for missing deadlines but which Defendants argue shows he filed a motion to compel discovery which was denied because he did not meet and confer with opposing counsel prior to filing the motion; (5) *Williams v. Romero*, 17cv1884-TLN (DB) (E.D. Cal.), in which Plaintiff contends he was unable to file two motions to compel discovery but which shows he has recently been granted an extension of time to oppose summary judgment; (6) *Williams v. Kernan*, 18cv2841-DB (E.D. Cal.) which shows no missed deadlines and several extensions of time granted for Plaintiff to

file documents; (7) *Williams v. Diaz*, 19cv9816-PA (KK) (C.D. Cal.) which contains no evidence of missed deadlines and has proceeded past the pleadings stage; and (8) the habeas petition Plaintiff identifies as Los Angeles Superior Court Case No. LA075334 is currently being litigated in *Williams v. Kernan*, 18cv1833-WQH (AGS) (S.D. Cal.), which contains no evidence Plaintiff missed any deadlines. (*Id*. at 9-11.)

Plaintiff replies in his Opposition that it is irrelevant that none of the cases he was litigating were interfered with or that he was disadvantaged in their litigation by his inability to telephone his attorney for 40 days. (ECF No. 69 at 3.) He contends this claim does not involve denial of access to the courts but is based on not being allowed to speak to his attorney and having to choose between law library time and exercise time. (*Id*.) He also contends that in any case he was frustrated in the ability to litigate his cases. (*Id*. at 4-7.) He provides as examples a copy of a motion to dismiss in *Williams v. Kernan*, 18cv2841-DB (E.D. Cal.) seeking to dismiss a habeas petition challenging a 2015 prison disciplinary hearing on the basis that AEDPA's one-year statute of limitations began to run on August 16, 2016 when the inmate grievance process was completed but expired prior to the filing of the federal habeas petition 790 days later on October 17, 2018, and he was not entitled to statutory tolling because his 496-day delay between the denial by the state superior court and his filing in the state appellate court was unreasonable, as well as a copy of the Findings and Recommendations by the assigned Magistrate Judge in that case agreeing with that argument and additionally finding Plaintiff was not entitled to equitable tolling based on his contention he was not timely informed of the denial by the state superior court or based on his mental health issues or his lack of legal knowledge or sophistication. (*Id*. at 8-22.) He appears to argue that it was because he was forced to decide how to divide the limited amount of time out of his cell between exercise and time in the law library that he was either unable to adequately defend his untimeliness in that action or it actually caused him to miss the AEDPA deadline. (*Id*. at 4.) He presents a May 14, 2020 Order in *Williams v. Beunrostro*, 17cv2345-MMA (JLB) (S.D. Cal.) taxing costs against him for the costs of a deposition (*id*. at 24-26), which he contends shows he

did not have sufficient time in the law library to adequately oppose summary judgment or the bill of costs.  (*Id*. at 4.)   He presents a May 27, 2020 Order in *Williams v. Just*, 18cv0740-MCE (DMS) (E.D. Cal.) granting Defendants' motion for summary judgment (*id*. at 28-29), in which he contends he was unable to obey the discovery deadlines in the scheduling order due to the lack of access to the law library and unable to exhaust administrative remedies as to one of the defendants in that action.  (*Id*. at 4-5.)  He presents a July 8, 2020 Order in *Williams v. Kernan*, 18cv1833-WQH (AGS) (S.D. Cal.), granting a motion to dismiss and the July 9, 2020 judgment of dismissal (*id*. at 32-35), which he argues shows he was shut out of court by his failure to meet deadlines due to a lack of adequate law library access.  (*Id*. at 6.)  Finally, he presents a July 9, 2020 letter addressed to Plaintiff from the Los Angeles County Superior Court referencing Los Angeles County Superior Court Criminal Case No. LA061501, stating that: "In light of your letter dated November 21. 2019, we are unclear as to whether you have a lawyer in this matter.  Please let us know whether you have counsel, and whether you want to proceed on your petition for writ of error corum nobis."  (*Id*. at 37.)

Plaintiff further argues in his Opposition that in *Williams v. Gonzalez*, 18cv1006-AJB (JMA) (S.D. Cal.), which was dismissed without prejudice for failure to pay the filing fee, his lack of access to the law library prevented him from adequately arguing the imminent danger exception to the denial of in forma pauperis applications to prisoners who have had three or more civil actions dismissed as frivolous, malicious or for failure to state a claim.  (*Id*. at 4.)  He argues with respect to *Williams v. Romero*, 17cv1884-TLN (DB) (E.D. Cal.), in which Defendants contend he has recently been granted an extension of time to oppose summary judgment, that his lack of adequate access to the prison law library is preventing him from researching the discovery process which is frustrating his attempts at discovery and ability to put on his case at trial.  (*Id*. at 5.)  He alleges his inability to access the law library caused him to file an erroneous writ of error corum nobis in Los Angeles Superior Court Criminal Case No. LA070629 which was dismissed for not meeting court deadlines, again caused by inadequate access to the law library.  (*Id*.)  He argues that

*Williams v. Diaz*, 19cv9816-PA (KK) (C.D. Cal.) which Defendants contend shows no evidence of missed deadlines and has proceeded past the pleadings stage, is a federal habeas petition challenging Los Angeles Superior Court Case No. LA075334, and which is intentionally misidentified by Defendants as the subject of *Williams v. Kernan*, 18cv1833-WQH (AGS) (S.D. Cal.), has in fact been frustrated by lack of adequate law library access and having to choose between recreation time and time in the law library because he was not able to properly research his issues and state a valid claim. (*Id*.)

Defendants argue in their Reply that Plaintiff has failed to show how being denied the ability to telephone his attorney interfered with his pro se cases in any manner whatsoever. (ECF No. 71 at 2.) They contend he has not shown actual injury from lack of telephone access or having to choose between law library time and exercise because he has not identified a lost claim or shown he was disadvantaged in those cases. (*Id*. at 2-3.)

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). The Supreme Court has acknowledged that the right of access to courts has been located in various provisions of the Constitution. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). The Court stated that however "unsettled" the basis for the constitutional right of access to courts may be, a prisoner alleging denial of such a claim must plausibly allege: (1) acts by prison officials which frustrated his litigation activities, (2) the loss of a "nonfrivolous" or "arguable" claim, and (3) the remedy sought through the access to courts claim is not otherwise available in another suit. *Id*.

Plaintiff first states in his Opposition that he does not need to satisfy the actual injury requirement of a First Amendment access to courts claim because he is bringing the claim as a violation of his right to speak to his attorney. (ECF No. 69 at 3.) In the Court's prior Order granting Defendants' motion to dismiss the original Complaint, Plaintiff was informed that he may not avoid the actual injury requirement by framing his claim as a denial of contact with his attorney. (ECF No. 52 at 10-11, citing *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989) ("The right of access to the courts is

subsumed under the first amendment right to petition the government for redress of grievances.").) He was instructed that to state an access to courts claim, he must plausibly allege a claim he was litigating was lost, frustrated or impeded. (*Id*. at 11-12, citing *Harbury*, 536 U.S. at 415 (holding that a prisoner must plausibly allege the loss of a "nonfrivolous" or "arguable" claim), citing *Lewis v. Casey*, 518 U.S. 343, 353 and n. 3 (1996) (holding that a prisoner must show that "a non-frivolous legal claim had been frustrated or was being impeded," because "[d]epriving someone of a frivolous claim . . . deprives him of nothing at all, except perhaps the punishment of Federal Rule of Civil Procedure 11 sanctions.").)

As to the cases identified by Plaintiff in an attempt to allege actual injury, in *Williams v. Kernan*, 18cv2841-DB (E.D. Cal.), Exhibit A to Plaintiff's Opposition shows that, while proceeding pro se, the AEDPA statute of limitations expired on or about October 2017 while Plaintiff waited 496 days after the October 26, 2016 denial of his state superior court petition to file his state appellate court habeas petition on March 6, 2018. (ECF No. 69 at 8-11.) The docket report in that case shows Plaintiff filed a pro se federal habeas petition on October 24, 2018, and filed a first amended petition on July 22, 2019 after being granted two extensions of time to do so; a motion to dismiss by respondent was filed on December 6, 2019 to which Plaintiff filed an opposition on December 27, 2019; Plaintiff was granted three extensions of time to file objections to the Magistrate Judge's findings and recommendation to grant the motion to dismiss, he filed his objections on September 14, 2020, and respondent was ordered to file a response to Plaintiff's objections by October 26, 2020. *Williams v. Kernan*, 18cv2841-DB (E.D. Cal.), ECF Nos. 1, 7-11, 18-19, 22-29. Plaintiff has not plausibly alleged his inability to telephone his attorney or have adequate law library time from May 20, 2018 to July 26, 2018 hampered his ability to litigate that case where the answer was filed after the period of alleged disability expired and where the AEDPA statute of limitation expired in 2017.

In *Williams v. Beunrostro*, *et al.*, 17cv2345-MMA (JLB) (S.D. Cal.), Plaintiff presents evidence that costs were taxed against him on May 14, 2020. (ECF No. 69 at 24-

25.)  The docket in that case reflects he was proceeding pro se, the Answer was filed on June 28, 2019, a motion for summary judgment was filed on November 22, 2019, he filed his opposition on December 20, 2019, summary judgment was granted on May 24, 2020, and he filed a notice of appeal, which is pending, on April 10, 2020.  *See Williams v. Beunrostro*, *et al.*, 17cv2345-MMA (JLB), ECF Nos. 24, 33, 38.  Thus, Plaintiff has not plausibly alleged his inability to call his attorney or being forced to choose between exercise time and law library time from May 20, 2018 to July 26, 2018 had any effect on that case in which all the relevant litigation activity took place more than a year after his alleged period of disability ended.

In *Williams v. Gonzalez*, *et al.*, 18cv1006-AJB (JMA) (S.D. Cal.), Plaintiff filed a pro se 42 U.S.C. § 1983 Complaint on May 18, 2018, which was a dismissed without prejudice for failure to pay the filing fee on July 17, 2018; a judgment of dismissal was entered on September 14, 2018, and Plaintiff filed a notice of appeal on March 26, 2019. *Id.*, ECF Nos. 1, 12.  Plaintiff's appeal was dismissed as untimely by the Ninth Circuit because it was not filed within 30 days of the September 14, 2018 judgment of dismissal. *Id.*, ECF No. 16.  Thus, Plaintiff was able to initiate that action during the May 20, 2018 to July 26, 2018 period he allegedly was unable to telephone his attorney and had to choose between exercise and the law library, and the time to file his appeal occurred nearly two months after the alleged disability ended.  Plaintiff has not plausibly alleged that his ability to file that case or his inability to appeal the dismissal of it in the Ninth Circuit, which did not become due until nearly two months after the period of alleged disability ended, was impacted in any way by his inability to telephone his attorney or have adequate time in the law library from May 20, 2018 to July 26, 2018.

In *Williams v. Paramo*, *et al.*, 17cv2596-MMA (BLM) (S.D. Cal.), Plaintiff filed a pro se 42 U.S.C. § 1983 Complaint on December 29, 2017, which was dismissed for failure to pay the filling fee on March 1, 2018.  *Id.*, ECF Nos. 1, 3.  Plaintiff filed a timely appeal on March 9, 2018, which the Ninth Circuit dismissed as frivolous on September 19, 2018. *Id.*, ECF Nos. 5, 10.  Plaintiff has not plausibly alleged that his inability to telephone his

attorney or have adequate law library time from May 20, 2018 to July 26, 2018 hampered his ability to file his pro se complaint in 2017 or his appeal on March 9, 2018, before his alleged disability began.  Although the appeal was pending during the period of alleged disability, Plaintiff presents no allegations whatsoever regarding what he could have done to prevent the appeal from being dismissed as frivolous had he been given adequate law library time or allowed to telephone his attorney, or why he could not have notified the Ninth Circuit and requested an extension of time or reconsideration, nor has he alleged facts demonstrating the appeal was not frivolous.  *See Lewis*, 518 U.S. at 353 n. 3 (holding that a prisoner must show that "a non-frivolous legal claim had been frustrated or was being impeded," because "[d]epriving someone of a frivolous claim . . . deprives him of nothing at all, except perhaps the punishment of Federal Rule of Civil Procedure 11 sanctions.").)

In *Williams v. Kernan*, 18cv1833-WQH (AGS) (S.D. Cal.), Plaintiff filed a pro se federal habeas petition on August 6, 2018 challenging a 2014 conviction in Los Angeles Superior Court Case No. LA075334, for which he was sentenced to 13 years and 8 months in prison.  *Id.*, ECF No. 1.  Thus, that case was filed after the July 26, 2018 end of his loss of privileges period.  In addition, Plaintiff filed a motion for extension of time in that case on November 30, 2018, which was granted, a motion for default judgment on December 13, 2018, which was denied, a motion for appointment of counsel on January 17, 2019, which was denied, an opposition to defendants' motion to dismiss on February 22, 2019, a request for ruling on April 19, 2019, and a timely notice of appeal of the order granting the defendants' motion to dismiss on July 18, 2019.  *Id.*, ECF Nos. 8-9, 11, 15, 18, 21, 24.  He has not plausibly alleged his inability to telephone his attorney or have adequate law library time from May 20, 2018 to July 26, 2018 frustrated his litigation of that case.

Plaintiff claims he was locked out of discovery for missing deadlines in *Williams v. Just, et al.*, 18cv0740-MCE (DMS) (E.D. Cal.).  The docket in that case shows he filed a pro se 42 U.S.C. § 1983 complaint on April 3, 2018, and an answer was filed on January 18, 2019; Plaintiff filed a motion for appointment of a private investigator on March 19, 2019, two motions for issuance of subpoenas on March 29, 2019 and June 3, 2019, and a

motion to compel discovery on July 29, 2019; defendants filed a summary judgment motion on August 26, 2019, to which Plaintiff filed an opposition on September 16, 2019 after being granted an extension of time to do so, was granted an extension of time to serve subpoenas on October 3, 2019, filed a second motion to compel on November 1, 2019, filed objections on April 13, 2020 to the assigned Magistrate Judge's findings and recommendation that summary judgment be granted in favor of one of the two named defendants, and the case is currently proceeding against the other defendant. *Id*., ECF Nos. 1, 22, 27, 29, 36, 40, 47, 49, 51, 56-57, 61, 67.   Plaintiff has not plausibly alleged his inability to telephone his attorney or have adequate law library time from May 20, 2018 to July 26, 2018 hampered his ability to litigate discovery motions where the answer was filed after the period of disability ended and his discovery motions were filed over a year later.

Plaintiff contends he was unable to file two motions to compel discovery in *Williams v. Romero*, *et al.*, 17cv1884-TLN (DB) (E.D. Cal.).   In that case, Plaintiff filed a pro se 42 U.S.C. § 1983 complaint on September 11, 2017, an answer was filed on February 4, 2019, a discovery and scheduling order was issued on March 19, 2019, Plaintiff filed a request for subpoenas on March 29, 2019 and a motion to compel on June 24, 2019, had the discovery deadline extended to October 30, 2019, filed a discovery notice on September 9, 2019 and a second motion to compel on October 31, 2019; defendants filed a motion for summary judgment on January 30, 2020, to which Plaintiff filed an opposition on March 9, 2020 after receiving an extension of time to do so, and a supplemental opposition on July 27, 2020 after being granted an extension of time to do so; the assigned Magistrate Judge issued findings and recommendations on August 14, 2020, recommending the defendants be sanctioned and their summary judgment motion be denied, which is pending. *Id*., ECF Nos. 1, 37, 50, 53, 60, 66-67, 71, 76, 78-80, 87-89, 92.   Plaintiff has not plausibly alleged that his inability to telephone his attorney or have adequate law library time from May 20, 2018 to July 26, 2018 hampered his ability to litigate that case where the answer was filed after the period of alleged disability expired and he successfully opposed summary judgment.

In *Williams v. Diaz*, 19cv9816-PA (KK) (C.D. Cal.), Plaintiff filed a pro se federal habeas petition on November 15, 2019, was granted three extensions of time prior to a motion to dismiss filed by respondent on August 5, 2020, and he has pending a motion for extension of time he filed on August 28, 2020 to oppose the motion to dismiss. *Id.*, ECF Nos. 1, 21-22, 25-26, 27-28, 30, 35. Plaintiff has not plausibly alleged his inability to telephone his attorney or have adequate law library time from May 20, 2018 to July 26, 2018 hampered his ability to litigate that case which was initiated in 2019.

In *Williams v. Ortega*, *et al.*, 18cv0547-LAB (MDD) (S.D. Cal.), Plaintiff filed a pro se 42 U.S.C. § 1983 complaint on March 15, 2019, two of the seven defendants served with the summons and complaint filed a motion to dismiss on June 28, 2019, which was granted on November 4, 2019, and the remaining Defendants filed an answer on February 26, 2020. *Id.*, ECF Nos. 1, 26, 33, 43. Plaintiff has not plausibly alleged that his inability to call his attorney or have adequate law library time from May 20, 2018 to July 26, 2018 hampered his ability to litigate that case, which was initiated after the period of disability expired.

In *Williams v. Navarro*, *et al.*, 18cv1581-TWR (KSC) (S.D. Cal.), Plaintiff filed a pro se 42 U.S.C. § 1983 complaint on July 12, 2018, the two defendants who were initially served with the summons and complaint filed an answer on July 30, 2019, and defendants who were subsequently served filed answers on February 19 and 21, 2019, and Plaintiff thereafter filed several motions. *Id.*, ECF Nos. 1, 27, 36-37, 40, 48, 55. Plaintiff has not plausibly alleged his inability to telephone his attorney or lack of adequate law library time from May 20, 2018 to July 26, 2018 hampered his ability to litigate that case which was initiated during that period and all other litigation took place after the period expired.

The final civil case referenced in the FAC is "2:18-cv-0074-CRM-(p.c.)." (ECF No. 61 at 9.) Plaintiff provides no details regarding this case whatsoever, even which court it is from, and alleges in the FAC merely that he was "deprived of legal calls" for the case. (*Id.*) He does not address Defendants' argument that this case fails to support a finding of actual injury because the allegation he was hampered in his ability to litigate the cases identified in the FAC is entirely conclusory. (ECF No. 69 at 7-9.) The allegation that he

suffered actual injury as a result of this case is entirely conclusory and fails to adequately oppose the motion to dismiss. *See Sprewell*, 266 F.3d at 988 (holding the court need not accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."); *Papasan*, 478 U.S. at 286 (a court is "not bound to accept as true a legal conclusion couched as a factual allegation.")

There are two remaining cases identified by Plaintiff in the FAC as supporting actual injury arising from an inability to telephone his attorney or spend time in the law library, Los Angeles County Superior Court Criminal Case Nos. LA061501 and LA070629. With respect to the first case, Plaintiff alleges he "was deprived of the ability to make legal calls which included his attorney Paul R. Martin for an active criminal appeal case involving plaintiff's illegal incarceration case no. LA061501." (ECF No. 61 at 9.) He attaches a letter to his Opposition addressed to him from the Los Angeles County Superior Court dated July 9, 2020 referencing that case and stating: "In light of your letter dated November 21, 2019, we are unclear as to whether you have a lawyer in this matter. Please let us know whether you have counsel, and whether you want to proceed on your petition for writ of error corum nobis." (ECF No. 69 at 37.) He alleges he "wasn't able to file a habeas corpus to challenge his case LA070629 after he had his Writ of Mandate/Corum Nobis dismissed on case [sic] for not meeting deadline on case [sic]." (ECF No. 61 at 17.) The allegations with respect to both of those cases are conclusory with respect to whether he suffered an actual injury arising from the inability to call his attorney or spend time in the law library during the loss of privileges period, and he therefore fails to adequately oppose the motion to dismiss. *Sprewell*, 266 F.3d at 988; *Papasan*, 478 U.S. at 286.

In addition to a failure to plausibly allege actual injury, Plaintiff fails to adequately allege personal participation by any Defendant regarding a denial of access to the courts based on the denial of his requests to call his attorney. Merely alleging he informed Defendants he wanted to be able to telephone his attorney anytime he wished on Monday through Sunday from 8:00 a.m. to 9:30 p.m. (*see* ECF No. 61 at 27-41), without specific allegations regarding what responsibilities or duties Defendants had in that regard fails to

state a claim. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer*, 844 F.2d at 633. Although Plaintiff alleges Defendant Tiscornia was authorized to issue passes to the law library, he does not allege this Defendant had the authority to allow Plaintiff to visit the law library at times other than his scheduled yard time. In any case, merely being forced to choose between the law library and exercise in and of itself does not violate the constitution because Plaintiff must still allege a constitutional violation, such as lack of access to the courts, which requires allegations of actual injury which Plaintiff has failed to provide. *See Hebbe v. Pliler*, 627 F.3d 338, 344 (9th Cir. 2010). Even to the extent his allegations that Defendants RJD Litigation Coordinators Connie and McGuirre told him they would provide access to his attorney on a regular basis but failed to do so (ECF No. 61 at 10) could satisfy the subjective component, the failure to allege actual injury is "fatal" to an access to courts claim. *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) ("Failure to show that a 'non-frivolous legal claim had been frustrated' is fatal."), quoting *Lewis*, 518 U.S. at 353 & n.4. "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act *which he is legally required to do* that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis added).

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's First Amendment access to courts claim in counts two and three of the FAC. Because Plaintiff was informed of the foregoing deficiencies of pleading of these claims in the Court's Order granting Defendants' initial motion to dismiss the original Complaint (*see* ECF No. 52 at 12) and has not cured them in the FAC, the dismissal is without further leave to amend.

### C. Fourteenth Amendment due process claim

Finally, Plaintiff claims in count one that that being confined without telephone contact with his attorney as a result of a false RVR for 67 days, and in count three that

having to choose between law library time and time on the exercise yard during that period, created an atypical and significant departure from the ordinary conditions of his confinement so as to give rise to a liberty interest protected by federal due process. (ECF No. 61 at 11-12, 16-17.) Defendants argue Plaintiff is unable to "double up" and bring a Fourteenth Amendment due process claim in addition to a First Amendment access to courts claim. (ECF No. 65 at 11-12.) Plaintiff replies that because Defendants' argument is not specific as to which claim this aspect of their motion to dismiss refers to it should be ignored and Defendants sanctioned for presenting a frivolous argument. (ECF No. 69 at 8.) Defendants reply that Plaintiff's failure to address their argument in his Opposition should be considered an abandonment of this claim. (ECF No. 71 at 4.)

The Fourteenth Amendment provides that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972). "To state a procedural due process claim, [a plaintiff] must allege '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (and) (3) lack of process.'" *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000), quoting *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).

A prisoner is entitled to certain due process protections when he is charged with a disciplinary violation. *Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003), citing *Wolff v. McDonnell*, 418 U.S. 539, 564-571 (1974). "Such protections include the rights to call witnesses, to present documentary evidence and to have a written statement by the fact-finder as to the evidence relied upon and the reasons for the disciplinary action taken." *Id.* at 1077-78; *see also Wolff*, 418 U.S. at 566 (explaining that an inmate must be afforded an opportunity "to call witnesses and present documentary evidence in his or her defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals.") The procedural protections under *Wolff* adhere only when the

disciplinary action implicates a protected liberty interest either by exeeding the sentence in "an unexpected manner," or "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin*, 515 U.S. at 484.

The only allegations in the FAC regarding the RVR which allegedly caused Plaintiff to be placed on loss of privileges and denied telephone access to his attorney and forced to choose between time in the law library and on the exercise yard are the allegations that: (1) the RVR was false and fabricated, and (2) it was filed in retaliation for his use of the inmate grievance procedures and in order to intimidate him from filing an inmate grievance against Defendant Navarro for hitting him with his cell door and refusing medical attention for the injury.  (ECF No. 61 at 8-9.)  Defendants have not moved to dismiss the retaliation claim. The conclusory allegation that the RVR was false and fabricated is insufficient to state a due process claim.  *See Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences [drawn] from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."), quoting *Iqbal*, 556 U.S. at 678.  In any case, the allegation of the filing of a false disciplinary charge by itself does not state a claim under 42 U.S.C. § 1983 because federal due process protections are contained in the ensuing disciplinary proceedings themselves.  *See Atherley v. Kernan*, 2020 WL 2079374, at *11 (S.D. Cal. Apr. 29, 2020); *see also Superintendent v. Hill*, 472 U.S. 445, 457 (1985) (holding that in the prison setting all that is necessary to support disciplinary findings is "some evidence.") In addition to a complete absence of allegations regarding what procedural protections Plaintiff was afforded or denied in connection to the alleged due process violation, Plaintiff's allegations that he was subject to atypical and significant hardships based on an inability to call his attorney and being forced to choose between time in the law library or exercise yard for 67 days when, as set forth above, there is no showing of actual injury as a result, fails to state a claim, as district courts in California have found that administrative segregation stays of five months and of nearly two years failed to allege atypical and significant hardships within the meaning of *Sandin*.  *See e.g. Hernandez v. Constable*, 2020

26

WL 2145387, at *3 (E.D. Cal. Feb. 21, 2020) (collecting cases); *see also Sealer v. Giltner*, 197 F.3d 578, 586 (2nd Cir. 1999) ("Both the conditions and their duration must be considered, since *exceptionally* harsh conditions endured for a brief interval and somewhat harsh conditions endured for a prolonged interval might both be atypical.") (internal quote marks and citation omitted) (emphasis added).

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's Fourteenth Amendment due process claim in counts two and three of the FAC based on allegations of denial of telephone access to his attorney and being forced to choose between spending his out-of-cell time on the exercise yard or in the law library. Because Plaintiff is unable to state such a claim, further leave to amend would be futile and the dismissal is with prejudice and without further leave to amend.

## IV. Conclusion and Orders

For all the reasons discussed, the Court **GRANTS** the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) by Defendants Bagnol, Knittman, Tiscornia, Lewis, Navarro, Katyal, Garsilaso, Estrada and Hall [ECF No. 67], and **DISMISSES** the denial of showers aspect of the Eighth Amendment claim in count one, **DISMISSES** the First Amendment access to courts claims in counts two and three, and **DISMISSES** the Fourteenth Amendment due process claim in counts two and three.

The dismissal is without further leave to amend. This matter will proceed with the remaining claims in the First Amended Complaint. Respondent's Answer is due forty-five (45) days from the date this Order is filed.

**IT IS SO ORDERED**.

Dated:  November 2, 2020

Hon. Dana M. Sabraw
United States District Judge

27