UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br>CDCR #AG-2394,<br><br>                                    Plaintiff,<br><br>v.<br><br>OFFICER O. NAVARRO,<br>N.A. GARSILASO, E. ESTRADA,<br>C. BAGNOL, F. LEWIS, L. HALL,<br>R. KATYALL, S. KRITTMAN,<br>C. TISCORNIA, et al.<br><br>                                    Defendants. | Case No.: 3:18-cv-01318-DMS-RBM<br><br>**ORDER DENYING PLAINTIFF'S<br>MOTION FOR SANCTIONS**<br><br><br><br>**[Doc. 78]** |

## I.    **INTRODUCTION**

Lance Williams ("Plaintiff") is a California prisoner proceeding pro se and in forma pauperis with a First Amended Complaint ("FAC") pursuant to 42 U.S.C. § 1983.  (Doc. 61.)  On October 22, 2020, Plaintiff filed a motion for sanctions ("Motion") pursuant to FED. R. CIV. P. 11 related to Defendants' conduct in filing a motion to dismiss portions of the FAC.  (Doc. 78; *see also* Doc. 65.)  Although Plaintiff's Motion did not contain a memorandum of points and authorities and likewise failed to include a hearing date, the undersigned accepted the Motion *nunc pro tunc* to October 19, 2020.  (Doc. 77.)

1

Defendants C. Bagnol, S. Krittman, C. Tiscornia, F. Lewis, O. Navarro, R. Katyal, N. Garsilaso, E. Estrada, and L. Hall (collectively "Defendants") did not file an opposition to the Motion.

As set forth herein, Plaintiff's Motion is **DENIED**.

## II.   PROCEDURAL BACKGROUND

The Court's November 2, 2020 Order granting Defendants' motion to dismiss summarizes the procedural history in this case, and it is incorporated herein. (Doc. 79.)

Plaintiff initiated this action by filing a Complaint on June 18, 2018. (Doc. 1.) On August 1, 2019, the seven Defendants served with the summons and Complaint filed a motion to dismiss counts two and three of the original Complaint. (Doc. 39.) Plaintiff thereafter served two additional Defendants. (Docs. 48-49.) On November 20, 2019, those Defendants filed a joinder in the motion to dismiss. (Doc. 50.)

On February 20, 2020, the Court granted the motion to dismiss and dismissed counts two and three of the Complaint with leave to amend. (Doc. 52.) Plaintiff filed the FAC on June 25, 2020, naming eight additional Defendants. (Doc. 61.) As to the FAC, Plaintiff claims that while housed at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, his: (1) Eighth Amendment rights were violated when he was not released from his cell to shower or obtain prescription medication on several occasions and was intentionally hit by his cell door and denied medical care for the injury, and his First Amendment rights were violated when he was retaliated against for use of the inmate grievance system (count one); (2) his First Amendment right of access to the courts and his Fourteenth Amendment right to due process were violated when he was not allowed to telephone his attorney (count two); and (3) his Eighth Amendment rights were violated when he was denied adequate time out of his cell and denied medical and mental health care, and his First Amendment right of access to the courts was denied when he was forced to choose between spending his limited time out of his cell on the exercise yard or in the law library (count three). (*Id*. at 5-19.)

/ / /

On July 22, 2020, the same nine Defendants who were parties to the initial motion to dismiss filed a motion to dismiss portions of the FAC pursuant to FED. R. CIV. P. 12(b)(6). (Doc. 65.) They sought dismissal of the denial of showers aspect of the Eighth Amendment conditions of confinement claim in count one, the First Amendment access to courts claims in counts two and three, and the Fourteenth Amendment due process claim in counts two and three. (*Id.*) Plaintiff filed an Opposition on September 8, 2020 (Doc. 69), and Defendants filed a Reply on September 29, 2020 (Doc. 71).

On November 2, 2020, this Court granted Defendants' motion to dismiss, thereby dismissing the denial of showers aspect of the Eighth Amendment claim in count one, the First Amendment access to courts claims in counts two and three, and the Fourteenth Amendment due process claim in counts two and three. (Doc. 79 at 2, 27.) The Court dismissed the aforementioned counts with prejudice and without further leave to amend. (*Id.*) Therefore, this matter proceeds with the remaining claims in the FAC. (*Id.*)

**A.   Underlying MTD Briefing**

In the underlying motion to dismiss briefing, Plaintiff argued that Defendants misread the FAC as to the denial of showers allegations in count one. (Doc. 69 at 1.) Plaintiff's opposition argued Defendants misread the FAC as stating he was allowed to shower every four days, when in fact it alleges he was denied showers on the four days each week they were available.[1] (*Id.*)

The first two pages of count one in the FAC consist of a single sentence with unusual punctuation, and with respect to denial of showers it states:

---

[1] Upon completion of the parties' briefing on Defendants' underlying motion to dismiss, Plaintiff filed a "Confidential Ex Parte Communication" regarding Defendants' arguments set forth in their reply brief. (Doc. 74.) This District's Civil Local Rules prohibit parties from writing ex parte letters to the judge. *See* CivLR 83.9. Notwithstanding the foregoing discrepancy, the undersigned accepted the document for filing *nunc pro tunc* to October 13, 2020. (Doc. 73.) Plaintiff reiterated his argument that Defendants misconstrued the FAC's allegations regarding RJD's denial of showers. (Doc. 74 at 1.) Plaintiff asked the Court to read Plaintiff's opposition thoroughly and stated his intent to file a motion for sanctions. (*Id.*)

on 5-22-18, 5-27-18, 6-3-18, 6-4-18, 6-5-18, 5-24-18, 5-31-18, 6-2-18, 6-7-18
plaintiff was denied opportunity to shower on the only days RJD inmates in building
2 can shower Tuesdays, Thursdays, Saturday and Sundays plaintiff has developed
numerous rashes and funguses and on feet and – groin area, Officer Bagnol also
conducted the same type of activity on days he worked the control booth not letting
Plaintiff out for showers or 3pm or 8pm medication which were on 6-1-18 6-2-18[.]

(Doc. 61 at 6-7.) Defendants sought dismissal of the denial of showers aspect of the Eighth
Amendment conditions of confinement claim in count one on two grounds: (1) the FAC
did not allege who denied Plaintiff access to showers; and (2) even assuming such
defendants could be identified, the quoted section above indicates Plaintiff admits he was
allowed to shower four days a week, and Defendants argue they could not have been aware
that being allowed to shower more than every other day could have caused an objectively
serious risk to Plaintiff's health or safety.  (Doc. 65 at 6-7.)

The Court's November 2, 2020 Order on the motion to dismiss did not rely upon
Defendants' interpretation of the FAC as to the denial of showers aspect of count one.
Instead, the Court clarified that the FAC alleges "Plaintiff was denied an opportunity to
shower on 10 occasions from Tuesday, May 22, 2018 to Thursday, June 7, 2018.  With
showers available on Tuesday, Thursday, Saturday and Sunday, those dates indicate he
went without showers for a period of four days, then two days, and then eight days." (Doc.
79 at 11, ll.20-24 (citing Doc. 61 at 6-7).) The Court found "no factual allegations that any
Defendant was aware that depriving Plaintiff of the opportunity to shower on those
occasions posed a serious risk to his health." (Doc. 79 at 11 (internal citations omitted).)
Ultimately, the Court found the FAC failed to "plausibly allege any Defendant placed
Plaintiff at risk of 'objectively, sufficiently serious' harm by failing to release him from his
cell to provide him an opportunity to shower or acted with a 'sufficiently culpable state of
mind' in doing so." (*Id.* at 12 (citing *Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir.
1995).)

Additionally, counts two and three of Plaintiff's FAC contained allegations seeking
to give rise to a Fourteenth Amendment due process claim.  Plaintiff claimed that being

4

confined without telephone contact with his attorney as a result of a false Rules Violation Report for sixty-seven days, and having to choose between law library time and time on the exercise yard during that period, created an atypical and significant departure from the ordinary conditions of his confinement so as to give rise to a liberty interest protected by federal due process.  (Doc. 61 at 11-12, 16-17.)  Defendants argued Plaintiff could not "double up" and bring a Fourteenth Amendment due process claim in addition to a First Amendment access to courts claim.  (Doc. 65 at 11-12.)  Plaintiff's reply contended that because Defendants' argument lacked specificity as to which claim this aspect of their motion to dismiss referred to it should be ignored and Defendants sanctioned for presenting a frivolous argument.  (Doc. 69 at 7.)

As to Defendants' argument seeking dismissal of Plaintiff's Fourteenth Amendment claim, the Court's Order did not cite any basis finding Defendants' argument unwarranted or frivolous.   Rather, the Court granted Defendants' motion to dismiss Plaintiff's Fourteenth Amendment due process claim in counts two and three of the FAC.  (Doc. 79 at 26-27.)

On November 16, 2020, Plaintiff filed a notice of appeal of the Court's order granting Defendants' motion to dismiss portions of the FAC.  (Doc. 81.)

### III.    DISCUSSION

Plaintiff's request for sanctions arises from Defendants' arguments set forth in their underlying motion to dismiss briefing.   (Doc. 78 at 1-2.)   Plaintiff asserts vague and unsubstantiated contentions, chiefly arguing Defendants repeated acts of intentionally misconstruing and misquoting Plaintiff's arguments warrants the imposition of monetary sanctions.  (*Id.*)  Plaintiff requests $5,000 be awarded to both Plaintiff and the Court as a sanction.  (*Id.*)

### A.   Jurisdiction

While Plaintiff's Motion for Sanctions was pending a ruling, Plaintiff filed a notice of appeal of the Court's order granting Defendants' motion to dismiss portions of the FAC.

1   (Docs. 78-79, 81.)  As such, the undersigned must address this Court's jurisdiction over

2   the instant Motion given the pending appeal.

3          Pursuant to 28 U.S.C. § 1291, the courts of appeals are vested with jurisdiction over

4   "all final decisions of the district courts of the United States . . . ."  The Supreme Court has

5   explained that a final decision "ends the litigation on the merits and leaves nothing for the

6   court to do but execute the judgment."  *Hall v. Hall*, 138 S. Ct. 1118, 1123-24 (2018)

7   (internal quotation marks and citation omitted); *see also Nat'l Distrib. Agency v.*

8   *Nationwide Mut. Ins. Co.*, 117 F.3d 432, 433 (9th Cir. 1997) (a district court's decision is

9   final for purposes of 28 U.S.C. § 1291 "if it (1) is a full adjudication of the issues, and (2)

10  'clearly evidences the judge's intention that it be the court's final act in the matter.'")

11  (citation omitted).  Generally, an order disposing of fewer than all claims is not final and

12  appealable unless it is certified for appeal under FED. R. CIV. P. 54(b).  *See Chacon v.*

13  *Babcock*, 640 F.2d 221, 222 (9th Cir. 1981).  When an order on a motion to dismiss is not

14  a full adjudication of the issues and does not clearly evidence the district court's intent to

15  be its final act in the matter, the underlying order is not a final order subject to appeal.

16  *United States v. California*, 921 F.3d 865, 878 n.5 (9th Cir. 2019) (concluding that court

17  of appeals did not have jurisdiction over appeal of a dismissal order where the district court

18  did not grant defendant's motion to dismiss in its entirety and thus order was not a full

19  adjudication of the issues), *cert denied*.

20         "As a general rule, the filing of a notice of appeal divests a district court of

21  jurisdiction over those aspects of the case involved in the appeal."  *Stein v. Wood*, 127 F.3d

22  1187, 1189 (9th Cir. 1997) (citations omitted).  However, a notice of appeal from a

23  nonappealable or nonfinal order is a nullity and does not divest the district court of

24  jurisdiction.  *See United States v. Hickey*, 580 F.3d 922, 928 (9th Cir. 2009) (stating

25  "[f]iling an appeal from an unappealable decision does not divest the district court of

26  jurisdiction.");  *Ruby v. Secretary*, 365 F.2d 385, 389 (9th Cir. 1966) (stating "[w]here the

27  deficiency in a notice of appeal, by reason of . . . reference to a non-appealable order, is

28

1  clear to the district court, it may disregard the purported notice of appeal and proceed with

2  the case, knowing that it has not been deprived of jurisdiction.").

3       Here, the Court's Order granting Defendants' motion to dismiss portions of the FAC

4  is not a final decision disposing of *all claims* between the parties. (Doc. 79.) As set forth

5  *supra*, the Court dismissed the denial of showers aspect of the Eighth Amendment claim

6  in count one, the First Amendment access to courts claims in counts two and three, and the

7  Fourteenth Amendment due process claim in counts two and three. *Supra* pp. 3-5; (Doc.

8  79 at 2, 27). The Court explicitly stated, "[t]his matter will proceed with the remaining

9  claims in the First Amended Complaint." (*Id.* at 27.) In fact, the Court directed Defendants

10  to file an Answer within forty-five (45) days from the date of the Order's filing. (*Id.*)

11  Therefore, it is quite clear that the Order was not the Court's final act in this matter. *See*

12  *United States v. California*, 921 F.3d at 878 n.5. Given that Plaintiff's November 16, 2020

13  notice of appeal seeks to appeal a nonfinal order, the district court's jurisdiction has not

14  been divested. Thus, the Court retains jurisdiction over the instant Motion notwithstanding

15  the pending appeal.

16       **B.  Applicable Law**

17       When an attorney presents and files a written motion with the Court, the attorney

18  certifies that: (1) the motion is not being presented for an improper purpose; (2) the

19  defenses or other legal contentions are warranted by existing law or by a nonfrivolous

20  argument; (3) the factual contentions have evidentiary support or will likely have such

21  support after further investigation or discovery; and (4) any denials of factual contentions

22  are warranted or are reasonable based on belief or lack of information. *See* FED. R. CIV.

23  P. 11(b). "A motion for sanctions must be made separately from any other motion and

24  must describe the specific conduct that allegedly violates Rule 11(b)." FED. R. CIV. P.

25  11(c)(2). Additionally, Rule 11 has a safe harbor provision which places "stringent notice

26  and filing requirements on parties seeking sanctions" and this provision is strictly enforced.

27  *Holgate v. Baldwin*, 425 F.3d 671, 677-678 (9th Cir. 2005). Specifically, a motion for

28  sanctions "must be served under Rule 5, but it must not be filed or be presented to the court

if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." FED. R. CIV. P. 11(c)(2). In other words, the party offering the allegedly defective document must have an opportunity to correct the alleged violations before the other party files a motion for sanctions.

Here, there is no evidence Plaintiff actually served the Motion for Sanctions on Defendants and gave them twenty-one days to withdraw or correct any alleged defect in their motion to dismiss briefing, as required by Rule 11's safe harbor provision. *See* FED. R. CIV. P. 11(c)(2). While Plaintiff's opposition to the motion to dismiss and ex parte letter to the Court raised specific arguments as to Defendants' alleged sanctionable conduct, informal warnings do not satisfy Rule 11's safe harbor provision because a motion for sanctions must be made separately from any other motion and comply with particular service requirements. (Doc. 69 at 1, 8; Doc. 74 at 1-2); *see* FED. R. CIV. P. 11(c)(2). In any event, Rule 11 sanctions are not appropriate even if Plaintiff complied with the safe harbor provision. As an initial matter, the Motion does not identify any specific conduct or frivolous arguments presented by Defendants in their motion to dismiss briefing. (Doc. 78 at 1-2.) Even liberally construing Plaintiff's informal warning set forth in the ex parte letter, the record does not reflect that Defendants' motion to dismiss is "*both* baseless *and* made without a reasonable and competent inquiry.*" Holgate*, 425 F.3d at 676 (citation omitted). Indeed, the opposite is true. Not only did this Court carefully and independently review the FAC as to each claim subject to Defendants' motion to dismiss, but it also granted Defendants' motion to dismiss. *Supra* pp. 3-5. Accordingly, Plaintiff's Motion for Sanctions lacks merit.

/ / /

/ / /

/ / /

/ / /

/ / /

8

1

## IV.  CONCLUSION

2    For the reasons set forth above, the Court **DENIES** Plaintiff's Motion for Sanctions.

3    **IT IS SO ORDERED**.

4    DATE: November 19, 2020

5

6    HON. RUTH BERMUDEZ MONTENEGRO
     UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28