UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br>CDCR #AG-2394,<br><br>                              Plaintiff,<br><br>v.<br><br>O. NAVARRO, N.A. GARSILASO,<br>E. ESTRADA, C. BAGNOL, F. LEWIS,<br>L. HALL, DR. R. KATYAL,<br>DR. S. KRITTMAN, C. TISCORNIA,<br>CONNIE, McGUIRRE, DR. D. LAFLER,<br>A. SOTO, T. BYRD-HUNT, A. RUELES,<br>M. RODRIGUEZ AND J. MEJIA,<br><br>                              Defendants. | Case No.: 3:18-cv-01318-DMS-RBM<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br><br><br><br><br><br><br>**[Doc. 91]** |

## I.  INTRODUCTION

Lance Williams ("Plaintiff"), a prisoner proceeding pro se and in forma pauperis, filed a "Motion Request for App[ointmen]t of Counsel." (Doc. 91.) Liberally construing this filing, it is a Motion for Appointment of Counsel ("Motion"). (Doc. 91); *see Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) (courts liberally construe pro se litigants' filings, relieving them from strict application of procedural rules and demands).

For the reasons discussed below, Plaintiff's Motion is **DENIED** without prejudice.

1

## II.  PROCEDURAL HISTORY

This case has a lengthy and complicated procedural history. This Order addresses filings relevant to the instant Motion.

A.  First Amended Complaint & Motion to Dismiss

On June 24, 2020, Plaintiff filed a First Amended Complaint ("FAC"). (Doc. 61.) The Court's November 2, 2020 Order succinctly states the causes of action as follows:

> (1) [violation of Plaintiff's] Eighth Amendment rights . . . when he was not released from his cell to shower or [was not able to] obtain prescription medication on several occasions and was intentionally hit by his cell door and denied medical care for the injury, and his First Amendment rights were violated when he was retaliated against for use of the inmate grievance system (count one);
>
> (2) his First Amendment right of access to the courts and his Fourteenth Amendment right to due process were violated when he was not allowed to telephone his attorney (count two); and
>
> (3) his Eighth Amendment rights were violated when he was denied adequate time out of his cell and denied medical and mental health care, and his First Amendment right of access to the courts was denied when he was forced to choose between spending his limited time out of his cell on the exercise yard or in the law library (count three).

(Doc. 79 at 1-2 (citing Doc. 61 at 5-19).)

On July 22, 2020, nine of the named Defendants, C. Bagnol, E. Estrada, Dr. S. Krittman, C. Tiscornia, F. Lewis, O. Navarro, L. Hall, Dr. R. Katyal, and N.A. Garsilaso, filed a Motion to Dismiss portions of the FAC ("MTD"). (Doc. 65.) Defendants moved to dismiss portions of count one alleging an Eighth Amendment conditions of confinement claim for alleged denial of access to showers. (*Id.* at 2.) Defendants also contended Plaintiff failed to state a claim as to the First Amendment access to courts claims in counts two and three. (*Id.*) Defendants also sought dismissal of the Fourteenth Amendment due process claim in count two for failure to state a claim. (*Id.*)

/ / /

/ / /

2

3:18-cv-01318-DMS-RBM

B.     Order Granting Defendants' MTD & Defendants' Answer

On November 2, 2020, the Court issued an Order: (1) granting Defendants' MTD; and (2) dismissing count two and portions of counts one and three of the FAC. (Doc. 79 at 1.) The Court dismissed "the denial of showers aspect of the Eight Amendment claim in count one, the First Amendment access to courts claims in counts two and three, and the Fourteenth Amendment due process claim in counts two and three." (*Id.* at 2, 27.) The dismissal of these claims was without further leave to amend. (*Id.*) Thus, the remaining claims include the First Amendment retaliation claim in count one and the Eighth Amendment claims in count one and three (i.e., violation of the right to be free from excessive use of force, from deliberate indifference to his medical needs, and from cruel and unusual punishment), except the access to showers aspect of the Eighth Amendment claim. (*See id.*) On December 17, 2020, Defendants C. Bagnol, E. Estrada, S. Krittman, C. Tiscornia, F. Lewis, O. Navarro, R. Katyal, and N. Garsilaso filed an Answer to the FAC. (Doc. 86 at 1.)

C.     Instant Motion

The instant Motion, accepted *nunc pro tunc* to January 25, 2021, seeks an order appointing counsel for Plaintiff. (Doc. 91 at 1.) Plaintiff contends that appointment of counsel is necessary for several reasons. (*Id.*) In relevant part, Plaintiff alleges that the issues in the case are too complex and difficult for him to navigate alone. (*Id.*) Plaintiff alleges that restrictions from the COVID-19 virus prevent him from adequately litigating his case, including procuring discovery of necessary medical files. (*See id.*) Plaintiff also alleges that appointed counsel will help with depositions and navigate trial on his behalf, because he claims his mental health issues will make him "ignorant and unprofessional and possibly violent" during court proceedings. (*Id.*)

### III.   DISCUSSION

Generally, a person has no right to court-appointed counsel in civil actions. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (finding no abuse of discretion in denying appointment of counsel in civil rights action, citing *Storseth v. Spellman*, 654 F.2d 1349,

3

3:18-cv-01318-DMS-RBM

1353 (9th Cir. 1981)). But under 28 U.S.C. § 1915(e)(1), a court may appoint counsel for indigent civil litigants under "exceptional circumstances." *Id.* at 970 (citing *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005)). In determining whether "exceptional circumstances" exist, the court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Palmer*, 560 F.3d at 970 (citing *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither of these considerations is dispositive but instead must be viewed together. *Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Only "rarely" will a federal court find a case to be so complex that it is appropriate to appoint counsel for a civil litigant who faces no loss of liberty in the controversy at hand. *See Dotson v. Doctor*, No. 1:14-CV-00093-LJO-SKO (PC), 2014 WL 2208090, at *1 n.1 (E.D. Cal. May 27, 2014) ("[c]ounsel is appointed in civil cases only rarely, if exceptional circumstances exist"); *United States v. Melluzzo*, No. CV-09-8197-PCT-MHM, 2010 WL 1779644, at **2-3 (D. Ariz. May 3, 2010); *see also Schwartzmiller v. Roberts*, No. 93-1276-FR, 1994 WL 48967, at *2 n.1 (D. Or. Feb. 11, 1994). This includes civil rights litigation involving excessive use of force, deliberate indifference to medical care, retaliation, and cruel and unusual punishment claims. *See Thompson v. Burach*, 513 F. App'x 691, 693 (9th Cir. 2013) (upholding denial of appointment of counsel for pro se prisoner where excessive force claim did not demonstrate exceptional circumstances); *see also Goldstein v. Flament*, 167 F. App'x 678, 680-81 (9th Cir. 2006) (upholding denial of appointment of counsel for pro se prisoner where retaliation and Eighth Amendment deliberate indifference to medical needs claims did not demonstrate exceptional circumstances); *see also Miller v. McDaniel*, 124 F. App'x 488, 489-90 (9th Cir. 2005) (upholding denial of appointment of counsel for pro se prisoner where Fourteenth Amendment right to informational privacy and Eighth Amendment right to be free from cruel and unusual punishment claims did not demonstrate exceptional circumstances and

4

plaintiff had the ability to articulate his claims).

Here, there are no "exceptional circumstances" to justify appointment of counsel at this time. Although this case was filed in 2018, litigation is in its early stages given the lengthy initial pleading stage and various appeals. *See supra* pp. 2-3. The parties are still engaging in discovery, and the pretrial motions cutoff date has not yet passed. (Doc. 87 at 1-3.) At this early stage of litigation, it is difficult to determine Plaintiff's likelihood of success on the merits of his claims. To the extent this case proceeds beyond summary judgment, the Court will be in a better position to make such a determination.

As in *Thompson, Goldstein,* and *Miller*, Plaintiff's excessive use of force, deliberate indifference to medical care, retaliation, and cruel and unusual punishment claims are not sufficiently complex to warrant appointment of counsel. *See Thompson*, 513 F. App'x at 693; *see also Goldstein*, 167 F. App'x at 680-81; *see also Miller*, 124 F. App'x at 489-90. Plaintiff fails to demonstrate an inability to present his claims. Rather, Plaintiff appears to grasp and articulate the issues and facts of his case well enough to have survived initial screening required under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). (Doc. 17 at 4-7.) Plaintiff has demonstrated literacy and an ability to communicate through pleadings and motions. *See supra* pp. 2-3. For example, Plaintiff has filed a wide variety of motions with exhibits and attachments and has filed two appeals with the Ninth Circuit in this case alone. (*See generally* Docs. 2, 8, 20, 38, 42, 44, 46, 51, 54, 56, 59, 61, 67, 69, 72, 76, 78, 80-81, 91.) Further, there are many cases cited in this Court's Order Granting Defendants' Motion to Dismiss that demonstrate Plaintiff's ability to litigate as he has filed numerous other complaints in this District and other Districts. (*See* Doc. 79 at 14-15 (citing *Williams v. Beunrostro*, 17cv2345-MMA-JLB (S.D. Cal.); *Williams v. Gonzalez*, 18cv1006-AJB-JMA (S.D. Cal.); *Williams v. Paramo*, 17cv2596-MMA-BLM (S.D. Cal.); *Williams v. Just*, 18cv0740-MCE (DMS) (E.D. Cal.); *Williams v. Romero*, 17cv1884-TLN (DB) (E.D. Cal.); *Williams v. Kernan*, 18cv2841-DB (E.D. Cal.); *Williams v. Diaz*, 19cv9816-PA (KK) (C.D. Cal.); *Williams v. Kernan*, 18cv1833-WQH-AGS (S.D. Cal.)). Considering Plaintiff's ability to communicate through pleadings, motions, and appeals in this case and other

cases, it does not appear exceptional circumstances exist to warrant appointment of counsel. *See Palmer*, 560 F.3d at 970.

In considering the nature of Plaintiff's claims together with Plaintiff's ability to articulate the same, the undersigned does not find exceptional circumstances exist to justify appointment of counsel at this time. If this case proceeds beyond summary judgment, the Court may consider appointment of trial counsel.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **DENIED**, without prejudice.

DATE: February 17, 2021

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE