UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br>CDCR #AG-2394,<br><br>                         Plaintiff,<br>v.<br><br>O. NAVARRO, et al.,<br><br>                       Defendants. | Case No.: 3:18-cv-01318-DMS-RBM<br><br>**ORDER FOLLOWING IN CAMERA REVIEW**<br><br>[Doc. 94] |

### I.    INTRODUCTION

On May 25, 2021, Lance Williams ("Plaintiff"), a prisoner proceeding pro se and *in forma pauperis*, filed a motion to compel requesting discovery ("Motion") from Defendants C. Bagnol, E. Estrada, N. Garsilaso, R. Katyal, S. Krittman, F. Lewis, O. Navarro, and C. Tiscornia (collectively, "Defendants")[1], which was accepted *nunc pro tunc* to May 20, 2021. (Doc. 94.) Plaintiff sought to compel the production of documents responsive to Plaintiff's Request for Production of Documents, Set One ("RFP"), including RFP No. 7 which requested third-party inmate grievances and/or complaints against each

---

[1] These are the only Defendants who have been served with summonses that have causes of action asserted against them that survived the initial pleading stage. (*See* Doc. 79 at 27.)

1

Defendant involving similar misconduct as alleged against each Defendant in this case. (*Id.* at 18–27.) Defendants objected to production of this information based upon the privacy interests of Defendants and third-party inmates. (Doc. 96 at 6.) The undersigned's July 28, 2021 Order denied the motion to compel as to RFP No. 7 as premature and ordered Defendants to lodge a copy of existing grievances and/or complaints, filed between January 1, 2013 to August 31, 2018, for *in camera* review on or before August 11, 2021. (*Id.* at 12.) Accordingly, Defendants lodged thirty-five records of administrative grievances on August 10, 2021. (Doc. 104.)

For the reasons set forth below, Plaintiff's Motion as to RFP No. 7 is **GRANTED IN PART** and **DENIED IN PART**. Defendants are ordered to produce documents responsive to RFP No. 7 as outlined herein.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Surviving Causes of Action in First Amended Complaint

The surviving causes of action in Plaintiff's First Amended Complaint includes a First Amendment retaliation claim in count one and Eighth Amendment claims in counts one and three including excessive use of force, deliberate indifference to his medical needs, and cruel and unusual punishment. (*See generally* Doc. 79 (citing Doc. 61).)

To support the Eighth and First Amendment claims in count one, Plaintiff alleges Defendants O. Navarro, N. Garsilaso, C. Bagnol, and E. Estrada were deliberately indifferent to Plaintiff's medical needs when they did not release him from his cell on various dates and denied his requests for medical assistance. (Doc. 61 at 6–9.) Plaintiff also alleges O. Navarro hit him in the head with his cell door on June 4, 2018, knocking him down and injuring his neck and shoulder. (*Id.*) Plaintiff alleges O. Navarro began a "campaign of harassment" against him, including filing a falsified Rules Violation Report against him in retaliation for Plaintiff's use of the inmate grievance system. (*Id.* at 8.) Plaintiff also alleges O. Navarro pointed a mini-14 assault weapon at him while making threats. (*Id.*)

As to the Eighth Amendment cruel and unusual punishment claim in count three, Plaintiff alleges all Defendants were aware he suffered from mental health issues which were exacerbated by the denial of time out of his cell for exercise and showers, as well as denial of time in the law library which caused him to lose legal cases. (Doc. 61 at 14–18.)

B.   Instant Motion

RFP No. 7 was initially denied in part as premature because Defendants' privacy objection could not be properly evaluated absent information as to whether documents responsive to RFP No. 7 exist and the opportunity for an *in camera* inspection of any responsive documents. (Doc. 94.) Pursuant to the undersigned's July 28, 2021 Order, Defendants lodged thirty-five records of administrative grievances against C. Bagnol, E. Estrada, N. Garsilaso, F. Lewis, O. Navarro, and C. Tiscornia on August 10, 2021.[2] (Doc. 104.) The documents consist of administrative grievances submitted by third-party inmates and staff complaint responses. Defendants assert there are no documents responsive to Plaintiff's RFP No. 7 for Defendants R. Katyal and S. Krittman. (*Id.* at 3.) The documents submitted by Defendants have been reviewed *in camera* by the Court.

### III.   STANDARD OF REVIEW

A party is entitled to seek discovery of any non-privileged matter that is relevant to his claims and proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1)." *Olivo v. Fresh Harvest Inc.*, No. 17-CV-2153-L-WVG, 2018 WL 5761478, at *1 (S.D. Cal. Nov. 2, 2018). District courts have broad discretion to determine relevancy for discovery purposes. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). "Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining[,]

---

[2] Defendants' Notice of Lodgment of Documents for In Camera Review lists thirty-two documents. (Doc. 104.) However, thirty-five documents were lodged with the Court. All thirty-five documents were reviewed *in camera* by the Court.

3

or supporting its objections." *Bryant v. Ochoa*, No. 07CV200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (citing *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. Aug. 14, 2002)).

Questions of privilege in civil rights cases brought under federal statutes are resolved by federal law. *Howard v. Cnty. of S.D.*, No. 09-CV-2416-IEG WVG, 2011 WL 2182441, at *1 (S.D. Cal. June 3, 2011). Under federal law, the resolution of a privacy objection involves a balancing of the need for the information sought against the privacy right asserted. *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. July 17, 1995) (citing *Perry v. State Farm Fire & Cas. Co.*, 734 F.2d 1441, 1447 (11th Cir. 1984)). "In the context of the disclosure of police files, courts have recognized that privacy rights are not inconsequential." *Soto*, 162 F.R.D. at 616. "Federal courts should generally give some weight to privacy rights that are protected by state constitutions or state statutes." *Kelly v. City of San Jose*, 114 F.R.D. 653, 656 (N.D. Cal. Feb. 26, 1987). "However, these privacy interests must be balanced against the great weight afforded to federal law in civil rights cases against police departments." *Soto*, 162 F.R.D. at 616. "In the context of civil rights suits against [corrections officials], this balancing approach should be 'moderately pre-weighted in favor of disclosure.'" *Id.* at 613 (quoting *Kelly*, 114 F.R.D. at 661). "[D]istrict courts in the Ninth Circuit have found that the privacy interests police officers have in their personnel files do not outweigh the civil rights plaintiff's need for the documents." *Franklin v. Smalls*, No. 09CV1067 MMA RBB, 2012 WL 5077630, at *20 (S.D. Cal. Oct. 18, 2012) (citing *Soto*, 162 F.R.D. at 617). There is a compelling government interest in exposing civil rights violations. *Franklin*, 2012 WL 5077630, at *20. Furthermore, "any invasion of . . . privacy interests can be mitigated through a protective order and by redacting sensitive information." *Roettgen v. Foston*, No. 13CV1101-GPC-BGS, 2016 WL 4555948, at *1 (S.D. Cal. Sept. 1, 2016); *see also Lamon v. Adams*, No. 1:09-CV-00205, 2010 WL 4513405, at *3–4 (E.D. Cal. Nov. 2, 2010).

In addition to correctional officers' privacy interest in their personnel file, third-party inmates have a privacy interest in the grievances they file against those officers. However,

grievances filed by other inmates alleging similar conduct by defendants are relevant and within the scope of discoverable information. *See Moore v. Lankford*, No. 19CV2406-DMS (BLM), 2020 WL 6262379, at *4 (S.D. Cal. Oct. 22, 2020); *see also Tate v. Andres*, No. 218CV0822KJMACP, 2020 WL 1984151, at *3 (E.D. Cal. Apr. 27, 2020) (noting sufficient similarities in complaints could potentially demonstrate a pattern of conduct by defendant that would speak to his intent, which is a necessary component to each of the claims against him). Moreover, several courts have found plaintiffs entitled to discovery of grievances filed by other inmates alleging similar conduct by defendants, despite an objection based upon privacy interests of third parties. *See Houston v. Eldridge*, No. 216CV2561WBSKJNP, 2018 WL 1014459, at *5 (E.D. Cal. Feb. 22, 2018); *see also Taylor v. O'Hanneson*, No. 11-cv-00538-LJO-SAB (PC), 2014 WL 2696585, at *5 (E.D. Cal. June 13, 2014) (inmate entitled to grievances concerning mistreatment by defendants); *Garcia v. Cluck*, No. 12-CV-718 AJB NLS, 2013 WL 6441474, at *2 (S.D. Cal. Dec. 9, 2013) (finding complaints by inmates about conduct similar to that of plaintiff's allegations "may lead to the discovery of admissible evidence that could bear on plaintiff's claims, . . . .").

## IV.   DISCUSSION

Defendants lodged thirty-five grievances responsive to RFP No. 7. Several of these grievances do not involve the claims of a third-party inmate, but rather, are grievances that Plaintiff filed against Defendants. The Court will analyze all lodged documents in relation to each Defendant and will specify whether the lodged document pertains to a third-party inmate or Plaintiff.

A.   <u>Grievances and Staff Complaint Response Regarding C. Bagnol</u>

Defendants lodged document no. 18–3572[3] in reference to Defendant C. Bagnol.

---

[3] Document no. 18–3572 also includes allegations against N. Garsilaso and E. Estrada which will be analyzed individually under section IV, subsections (B) and (E), respectively. *See infra* pp. 6, 8-9.

Document no. 18–3572 is a grievance filed by Plaintiff, wherein Plaintiff alleges Bagnol refused to release him to the pill-line for medication. Not only is this grievance relevant as it involves Plaintiff and may support his Eighth Amendment deliberate indifference claim, but any privacy concern of Bagnol is outweighed by Plaintiff's need for the documents. *Soto*, 162 F.R.D. at 613; *Franklin*, 2012 WL 5077630, at *20. Moreover, any privacy concern of Bagnol can be mitigated by a carefully crafted protective order. *Roettgen*, 2016 WL 4555948, at *1; *see also Lamon*, 2010 WL 4513405, at *3–4. As such, Defendants are ordered to produce document no. 18–3572.

B.   Grievances and Staff Complaint Response Regarding N. Garsilaso

Defendants lodged document no. 18–3572[4] in reference to Defendant N. Garsilaso.

Document no. 18–3572 is a grievance filed by Plaintiff alleging Garsilaso refused to release Plaintiff to the pill-line for medication. This conduct is sufficiently similar to the Eighth Amendment deliberate indifference claim Plaintiff asserted against Garsilaso. (Doc. 61 at 6–9.) Thus, the document is relevant. (*Id.*) Any privacy concern of Garsilaso is outweighed by Plaintiff's need for the documents. *Soto*, 162 F.R.D. at 613; *Franklin*, 2012 WL 5077630, at *20. Moreover, any privacy concern of Garsilaso can be mitigated by a carefully crafted protective order. *Roettgen*, 2016 WL 4555948, at *1; *see also Lamon*, 2010 WL 4513405, at *3–4. As such, Defendants are ordered to produce document no. 18–3572.

C.   Grievances and Staff Complaint Response Regarding F. Lewis

Defendants lodged document nos. 16–0873 A, 18–2004, and 18–6072 in reference to Defendant F. Lewis.

Plaintiff's claims against Lewis allege an Eighth Amendment cruel and unusual punishment claim in which Plaintiff suffered from mental health issues which were exacerbated by the denial of time out of his cell for exercise and showers, as well as denial

---

[4] This is the duplicative grievance referenced in footnote 3. *See supra*, Sec. IV, subsec. (A), pp. 5–6.

of time in the law library which interfered with Plaintiff's pending litigation. (Doc. 61 at 14–18.) The grievances in document nos. 16–0873 A and 18–6072 include allegations of engaging in an overfamiliar manner with the reporting inmate and threatening to stab the reporting inmate, which are unrelated to Plaintiff's claims against Lewis. Therefore, there is no need to weigh any alleged privacy interests, and compelling production of document nos. 16–0873 A and 18–6072 is not required.

Document no. 18–2004 alleges Lewis ignored the reporting inmate while he was suffering from an anxiety attack, which was triggered by denial of access to the law library. This conduct is sufficiently similar to Plaintiff's allegations because Plaintiff claims Lewis is responsible for him having to choose between exercise time or time in the law library, which affected his mental health. (Doc. 61 at 16–19.) District courts have broad discretion to determine relevancy for discovery purposes, and sufficient similarities in complaints could potentially demonstrate a pattern of conduct that may speak to a defendant's intent. *Hallett*, 296 F.3d at 751; *Tate*, 2020 WL 1984151, at *3. Any privacy concern of Lewis is outweighed by Plaintiff's need for the documents. *Soto*, 162 F.R.D. at 613; *Franklin*, 2012 WL 5077630, at *20. Moreover, any privacy concern of Lewis can be mitigated by a carefully crafted protective order. *Roettgen*, 2016 WL 4555948, at *1; *see also Lamon*, 2010 WL 4513405, at *3–4. As such, Defendants are ordered to produce document no. 18–2004.

D.  Grievances and Staff Complaint Response Regarding C. Tiscornia

Defendants lodged document nos. 16–3840, 16–3927, and 17–5042 in reference to Defendant C. Tiscornia.

Plaintiff's claims against Tiscornia allege an Eighth Amendment cruel and unusual punishment claim in which Plaintiff alleges he suffered from mental health issues which were exacerbated by the denial of time out of his cell for exercise and showers, as well as denial of time in the law library which caused him to lose legal cases. (Doc. 61 at 14–18.) The grievances in document nos. 16–33840 and 16–33927 include allegations of unprofessional behavior and disrespectful statements, which are irrelevant to Plaintiff's

7

claims against Tiscornia. Thus, there is no need to weigh any alleged privacy interests, and compelling production of document nos. 16–33840 and 16–33927 is not required.

Document no. 17–5042 alleges Tiscornia denied the reporting inmate adequate time in the law library. This conduct is sufficiently similar to Plaintiff's allegations against Tiscornia because he generally claims Tiscornia denied him access to the law library. (Doc 61 at 17.) District courts have broad discretion to determine relevancy for discovery purposes, and sufficient similarities in complaints could potentially demonstrate a pattern of conduct that may speak to a defendant's intent. *Hallett*, 296 F.3d at 751; *Tate*, 2020 WL 1984151, at *3. Any privacy concern of Tiscornia is outweighed by Plaintiff's need for the documents. *Soto*, 162 F.R.D. at 613; *Franklin*, 2012 WL 5077630, at *20. Moreover, any privacy concern of Tiscornia can be mitigated by a carefully crafted protective order. *Roettgen*, 2016 WL 4555948, at *1; *see also Lamon*, 2010 WL 4513405, at *3–4. As such, Defendants are ordered to produce document no. 17–5042.

E. Grievances and Staff Complaint Response Regarding E. Estrada

Defendants lodged document nos. 18–3206, 18–3572, 18–3821, and 18–4335[5] in reference to Defendant E. Estrada.

Of the four lodged documents, document nos. 18–3206, 18–3572, and 18–4335 include grievances alleging denial of medication and refusing to release the reporting inmate to the pill-line for medication. These allegations are related to Plaintiff's Eighth Amendment claim of deliberate indifference to medical needs asserted against Estrada. Document no. 18–3821 alleges Estrada failed to protect the reporting inmate by refusing to grant a cell move, which is unrelated to Plaintiff's claims against Estrada. Thus, only document nos. 18–3206, 18–3572, and 18–4335 are relevant.

---

[5] Document no. 18–3572 is the same grievance referenced in footnotes 3 and 4. *See supra*, Sec. IV, subsecs. (A), (B), pp. 5–6. Document nos. 18–3206, 18–3821, and 18–4335 also include allegations against O. Navarro and will be analyzed individually as to Navarro.

These three relevant lodged documents are grievances filed by Plaintiff. Any privacy concern of Estrada is outweighed by Plaintiff's need for the documents. *Soto*, 162 F.R.D. at 613; *Franklin*, 2012 WL 5077630, at *20. Moreover, any privacy concern of Estrada can be mitigated by a carefully crafted protective order. *Roettgen*, 2016 WL 4555948, at *1; *see also Lamon*, 2010 WL 4513405, at *3–4. As such, Defendants are ordered to produce document nos. 18–3206, 18–3572, and 18–4335.

F. <u>Grievances and Staff Complaint Response Regarding O. Navarro</u>

Defendants lodged twenty-eight documents corresponding to Defendant O. Navarro. These include document nos. 15–2234, 15–3138, 15–3880, 15–3906, 15–4094, 16–2855, 16–2883, 16–3284, 16–3288, 16–3388, 16–3411, 16–3414, 16–3552, 16–3784, 16–4070, 16–5179, 17–0265, 17–0299, 17–0757, 17–1183, 17–1854, 17–2604, 17–3546, 17–6677, 18–3206, 18–3368, 18–3821, and 18–4335.[6]

i. *Relevancy of Grievances*

Of the twenty-eight lodged documents, document nos. 15–3138, 15–3906, 16–2855, 16–2883, 16–3284, 16–3288, 16–3388, 16–3411, 16–3414, 16–3552, 16–4070, 16–5179, 17–0265, 17–0299, 17–0757, 17–1183, 17–1854, 17–2604, 17–3546, 17–6677, 18–3206, 18–3368, 18–3821, and 18–4335 ("Relevant Lodged Documents") are relevant as the grievances allege excessive use of force, harassment, retaliatory behavior, filing false charges against the reporting inmate, refusing to open a reporting inmate's cell door while attempting to access medicine, deliberate indifference to a reporting inmate's safety, and denial of medical attention. Because these allegations are sufficiently similar to Plaintiff's claims against Defendant Navarro, the twenty-four aforementioned documents are relevant.

The remaining four lodged documents, document nos. 15–2234, 15–3880, 15–4094, and 16–3784, include allegations of interference with mail and smuggling drugs and cell

---

[6] Document nos. 18–3206, 18–3821, and 18–4335 are the same grievances referenced in footnote 5. *See supra*, Sec. IV, subsec. (E) pp. 8-9.

phones to inmates. Because the grievances allege conduct unrelated to Plaintiff's allegations in the instant action, they are irrelevant and compelling production is not required.

### ii. Privacy Interests

Three of the Relevant Lodged Documents are grievances filed by Plaintiff (18–3206, 18–4335, 18–3368). Any privacy concern of Navarro is outweighed by Plaintiff's need for the documents. *Soto*, 162 F.R.D. at 613; *Franklin*, 2012 WL 5077630, at *20. Moreover, any privacy concern of Navarro can be mitigated by a carefully crafted protective order. *Roettgen*, 2016 WL 4555948, at *1; *see also Lamon*, 2010 WL 4513405, at *3–4. As to the twenty-one remaining Relevant Lodged Documents, the Court must balance serious privacy concerns of third-party inmates against Plaintiff's stated need for these documents. *See Soto*, 162 F.R.D. at 616.

The release of third-party inmate information to Plaintiff could jeopardize his safety, the safety of third-party inmates, and staff members who may be perceived as breaching confidentiality. These factors weigh in favor of nondisclosure. *But see Garcia v. Clark*, No. 1:10–CV–00447–LJO–DLB PC, 2012 WL 1232315, at *6 (E.D. Cal. Apr.12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); *Taylor*, 2014 WL 2696585, at *1. Alternatively, Plaintiff's case is brought in good faith and discovery is unavailable from other sources. Moreover, "[o]ther complaints about conduct similar to that alleged in the complaint may lead to the discovery of admissible evidence that could bear on Plaintiff's claims . . . ." *Garcia*, 2013 WL 6441474, at *2; *see also Taylor*, 2014 WL 2696585, at *1. These factors favor disclosure. After balancing the potential benefits of disclosure against the potential disadvantages of disclosure, the undersigned finds the factors weigh in favor of disclosure.

Thus, Defendants are required to produce the Relevant Lodged Documents.

To the extent that the privacy interests of third parties are implicated by these documents, Defendants shall take care to <u>REDACT</u> all identifying information of third

parties from the documents, and the documents will be governed by a protective order as outlined below. *See Thompson v. Morales*, No. 1:04-CV-06554-SMS PC, 2008 WL 413757, at *1 (E.D. Cal. Feb. 13, 2008); *see also Eusse v. Vitela*, No. 313CV00916BENNLS, 2015 WL 9008634, at *5 (S.D. Cal. Dec. 14, 2015).

G. <u>Protective Order</u>

Under Rule 26(c) of the Federal Rules of Civil Procedure, and "in the inherent discretion of a court to manage its own discovery, a court may sua sponte enter a protective order for good cause shown." *Merritt v. Redwood Invs., LLC*, No. 18CV01793JLSJLB, 2019 WL 4416130, at *3 (S.D. Cal. Sept. 13, 2019); Fed. R. Civ. P. 26. Moreover, the *Sinegal v. Duarte* court decided similar issues and issued a protective order, the language of which is adopted herein. *Sinegal*, No. 11CV2534-BEN JMA, 2014 WL 988572, at *4 (S.D. Cal. Mar. 10, 2014).

Pursuant to the terms of this Order, Defendants will release to Plaintiff document nos. 15–3138, 15–3906, 16–2855, 16–2883, 16–3284, 16–3288, 16–3388, 16–3411, 16–3414, 16–3552, 16–4070, 16–5179, 17–0265, 17–0299, 17–0757, 17–1183, 17–1854, 17–2604, 17–3546, 17–5042, 17–6677, 18–2004, 18–3206, 18–3368, 18–3572, 18–3821, and 18–4335 (hereinafter the "Materials") by no later than **November 22, 2021**.

Due to their sensitive and confidential nature, any Materials produced pursuant to this Order shall be used by Plaintiff and Defendants solely in connection with the case of *Williams v. Navarro, et al.*, Case No. 18-cv-01318-DMS-RBM, and not for any other purpose, including other litigation.

Plaintiff is strictly prohibited from disclosing (including copying, sharing, or discussing) the Materials or their contents under any circumstances with any inmate. Furthermore, Plaintiff is strictly prohibited from disclosing (including copying, sharing, or discussing) the Materials or their contents to any person for any purpose, except to Defendants' counsel of record, the Court, and necessary prison staff, for use only in connection with this action. Notwithstanding these restrictions, Plaintiff may discuss the

contents of the Materials with potential witnesses; however, he may do so only as it relates to this litigation.

Plaintiff is strictly prohibited from copying the Materials or their contents, except as required to attach to court filings. Plaintiff and Defendants must endeavor to protect the confidentiality of the Materials consistent with this Protective Order. If Plaintiff attaches the Materials to a court filing, he must simultaneously file a Motion to File Confidential Documents Under Seal, in which he clearly and specifically identifies the Materials and requests they be filed under seal. At the conclusion of this matter, whether through trial, appeal, collateral review, or other final disposition, all Materials, and all copies, shall be returned to the Defendants' counsel of record.

## V. CONCLUSION

Based on the foregoing, Plaintiff's Motion (Doc. 94.) as to RFP No. 7 is **GRANTED IN PART** and **DENIED IN PART**. Pursuant to the terms of this Order, Defendants are **ORDERED** to release document nos. 15–3138, 15–3906, 16–2855, 16–2883, 16–3284, 16–3288, 16–3388, 16–3411, 16–3414, 16–3552, 16–4070, 16–5179, 17–0265, 17–0299, 17–0757, 17–1183, 17–1854, 17–2604, 17–3546, 17–5042, 17–6677, 18–2004, 18–3206, 18–3368, 18–3572, 18–3821, and 18–4335 to Plaintiff by no later than **November 22, 2021**.

**IT IS SO ORDERED.**

Dated: November 8, 2021

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE