UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>         Plaintiff,<br><br>v.<br><br>OFFICER O. NAVARRO, et al.,<br><br>         Defendants. | Case No.: 3:18-cv-01318-DMS-BGS<br><br>**ORDER DENYING MOTION TO ENFORCE SETTLEMENT AND AWARD OF ATTORNEY FEES**<br><br>**[ECF No. 123]** |

Currently before this Court is Lance Williams' ("Williams" or "Plaintiff") "Motion to Enforce Settlement Agreement and Award Attorney Fees of $10,000." (ECF No. 123.) For the reasons set forth below, Plaintiff's Motion is DENIED.

**I.  Procedural History**

On June 18, 2018, Lance Williams ("Williams" or "Plaintiff"), a former prisoner proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to 42 U.S.C. 42 U.S.C. § 1983.

On February 1, 2022, Defendants R. Katyal and S. Krittman, along with Plaintiff, filed a "Joint Motion to Dismiss Defendants R. Katyal and S. Krittman with prejudice." (*See* ECF No. 119.)  That same day, Defendants C. Bagnol, E. Estrada, N. Garsilaso, L. Hall, F. Lewis, O. Navarro, A. Silva, and C. Tiscornia, along with Plaintiff, also filed a

"Joint Motion to Dismiss the case in its entirety" and indicated that these Defendants and Plaintiff "have settled this case." (ECF No. 120.)

On February 3, 2022, this Court GRANTED both Motions and dismissed the entire action with prejudice. (*See* ECF Nos. 121, 122.) All parties agreed to bear their own fees and costs. (*See id.*) The terms of the settlement were not incorporated in the joint motions or the Order granting the two motions.

Nearly two years later, Plaintiff filed a "Motion to Enforce Settlement Agreement and Award of Attorney Fees of $10,000." (ECF No. 123). The Court issued a briefing schedule to provide Defendants the opportunity to respond and allowed Plaintiff to file a reply brief. (*See* ECF No. 125.) Defendants have filed an Opposition. (*See* ECF No. 126.) While Plaintiff was given until February 2, 2024, to file a reply, he has not done so.

## II.  Plaintiff's Motion

Plaintiff seeks enforcement of the settlement agreement entered into by the parties on the grounds that "defense failed to pay settlement by complying with specific provisions" and "tr[ied] to deceive plaintiff giving him the runaround when he attempted on numerous occasions" to "address issues with defense counsel." (ECF No. 123 at 3.) Specifically, Plaintiff claims that the funds were "distributed to plaintiff's prison trust account and confiscated all without plaintiff's knowledge." (*Id.*)

Plaintiff seeks $5,400, the original amount of the settlement agreement, and $10,000 in attorney fees. (*See id.*)

## III.  Defendants' Opposition

Defendants oppose Plaintiff's Motion on the grounds that this Court lacks "subject matter jurisdiction over the parties' dispute over the settlement agreement." (ECF No. 126 at 5.) In addition, they maintain that the CDCR did not breach the settlement agreement but were required to deduct from the $5,400 when it was deposited into Plaintiff's inmate trust account "to satisfy the multiple outstanding filing fees" Plaintiff owed. (*Id.* at 6.) Moreover, while Plaintiff did not seek to set aside the judgment under Federal Rules of Civil Procedure 60(b), he has failed to "meet the requirements of Rule 60(b) because he

cannot show the extraordinary circumstances required to set aside a judgment." (*Id.* at 9.) Finally, even if Plaintiff were able to set aside the judgment, he "cannot demonstrate mistake or fraud necessary to rescind the settlement agreement" under California law. (*Id.* at 11.)

**IV.     Subject Matter Jurisdiction**

Defendants argue that this Court lacks subject matter jurisdiction to resolve the parties' dispute over the settlement agreement and "[a]bsent some independent basis for jurisdiction, the Court does not have the jurisdiction to enforce or modify the settlement agreement." (*Id.* at 5.)

"Federal Courts are courts of limited jurisdiction" and the "burden of establishing [subject matter jurisdiction] rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). "[T]he Supreme Court [has] held that federal courts do not have inherent or ancillary jurisdiction to enforce a settlement agreement simply because the subject of that settlement agreement was a federal lawsuit." *O'Connor v. Colvin*, 70 F.3d 530, 531-33 (9th Cir. 1995) (citing *Kokkonen*, 511 U.S. at 381.) A dispute arising under a settlement agreement is "a separate contract dispute requiring its own independent basis for jurisdiction." *Id.* at 532. A court only retains ancillary jurisdiction over the enforcement of a settlement agreement where the parties make their obligation to comply with the settlement agreement clear in the dismissal order "either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *Kokkonen*, 511 U.S. at 381. If the court's dismissal order does not explicitly retain jurisdiction over the enforcement of the settlement agreement, the "enforcement of the settlement agreement is for state courts." *In re Valdez Fisheries Development Ass'n, Inc.*, 439 F.3d 545, 549 (9th Cir. 2006).

///
///
///

1 | As set forth above, the Court dismissed this entire action with prejudice pursuant to the parties' Joint Motions to Dismiss. (*See* ECF Nos. 119-122.) In neither joint motion to dismiss did any of the parties ask the Court to retain jurisdiction to enforce the settlement agreement. (*See* ECF Nos. 119, 120.) Moreover, none of the parties requested to incorporate the terms of the settlement agreement in their joint motions to dismiss. (*See id.*) Thus, the Court's Orders granting the two motions to dismiss did not include language retaining jurisdiction over the settlement agreement nor did the Orders include the specific language of the settlement agreement. (*See* ECF Nos. 121, 122.)

Accordingly, the Court finds that it lacks jurisdiction to enforce the terms of the settlement agreement reached in this case and DENIES Plaintiff's Motion to Enforce Settlement. Because the Court finds that it lacks subject matter jurisdiction, the Court need not reach a decision as to Defendants' arguments that they did not breach the settlement agreement or that Plaintiff is not entitled to rescission under California law.

**V.  Rule 60(b)**

In the alternative, to the extent that Plaintiff's Motion can be construed as a motion brought pursuant to Federal Rule of Civil Procedure 60(b), the Court finds Plaintiff is not entitled to relief under 60(b).

Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby,* 545 U.S. 524, 528 (2005). Rule 60(b) provides that a court "may relieve a party or its legal representative from a final judgment, order, or proceeding" if there is "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). However, "a motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Orders dismissing the entire case with prejudice were entered on February 3, 2022. (*See* ECF Nos. 121, 122.) Defendants have attached an email exchange between

Plaintiff and Defense Counsel in which Plaintiff asked for the status of his settlement check on August 2, 2022. (*See* ECF No. 126 at 27.) On August 8, 2022, Defense Counsel informed Plaintiff via email that the CDCR was "under court orders to collect [the settlement money] and pay the filing fees" Plaintiff owed in several unrelated civil matters. (*Id.* at 24.) Plaintiff responded "let's talk to judge and I'm bringing in attorney so there will be attorney fees to be paid." (*Id.*) Assuming that Plaintiff learned of alleged fraud in August of 2022, he did not seek relief from this Court under Rule 60(b)(3) until sixteen (16) months later which is untimely.

Even if the Court were to find that Plaintiff's Motion was timely, it would still fail. "To prevail [under Rule 60(b)(3)], the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) (quoting *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 880 (9th Cir. 2000)). "Federal Rule of Civil Procedure 60(b)(3) require[s] that fraud ... not be discoverable by due diligence before or during the proceedings." *Id.* (quoting *Pac. & Arctic Ry. and Navigation Co. v. United Transp. Union*, 952 F.2d 1144, 1148 (9th Cir.1991)); *see also Robinson v. Delgado*, No. CV 02-1538 NJV, 2010 WL 3448558, at *8 (N.D. Cal. Aug. 31, 2010), *aff'd sub nom. Robinson v. Lamarque*, 581 F. App'x 695 (9th Cir. 2014).

This is because "Rule 60(b)(3) is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *De Saracho*, 206 F.3d at 880 (quotation marks and citation omitted). District courts have wide discretion in making this determination. *See id.*; *see also Duyen Kwong v. Santa Clara Cty. Sheriff's Office*, No. 17-CV-02127-BLF, 2018 WL 2041797, at *2 (N.D. Cal. May 2, 2018).

The settlement agreement entered into by all parties states, in part, that Plaintiff "understands that CDCR is obligated to pay all outstanding liens against Plaintiff, known or unknown, if any, which amounts must be deducted from the settlement amount and paid on Plaintiff's behalf to the lienholder(s)." (ECF No. 126, Ex. A at § III, ¶ 2. Therefore,

Plaintiff was aware that the CDCR was obligated to apply settlement funds to his outstanding filing fees. Plaintiff does not dispute that he owed these filing fees.[1] Instead, Plaintiff claims he was "threatened" by Defense Counsel and that he told Plaintiff if he "pursued the breach it could be detrimental to his safety and remind[ed] Plaintiff that he was on parole and should let the issue go." (ECF No. 123 at 9.) Plaintiff fails to give any specifics as to when this communication allegedly occurred or in what form this communication took place. Defense Counsel has attached copies of email exchanges between himself and Plaintiff to his declaration that do not include any threatening comments or statements. (*See* ECF No. 126 at 24-28.) Moreover, the claims of alleged threats purportedly occurred well after the settlement agreement had been entered into and the Court dismissed the entire action with prejudice.

Therefore, the Court finds there is no basis to set aside the dismissal of this action pursuant to Fed.R.Civ.P. 60(b)(3).

///
///
///
///

---

[1] From September 30, 2014, to December 16, 2021, the last action filed by Plaintiff prior to the dismissal of this action, Plaintiff had filed fifty-five (55) civil rights acts while incarcerated. *See* https://pcl.uscourts.gov/pcl/pages/search/findPartyAdvanced.jsf (website last visited Feb. 15, 2024.) In each case that Plaintiff filed a Motion to Proceed IFP that was granted by the respective courts, Plaintiff would have been obligated to pay the initial civil filing fee. An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes,* 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

## VI.     Conclusion and Order

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion to Enforce Settlement and Award Attorney Fees (ECF No. 123.)  The case and the Court's file in this matter will remain closed.

**IT IS SO ORDERED.**

Dated:  February 20, 2024

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court